NATHAN ROHR and HENRY J. ROHR *vs.* J. S. B. ANDERSON.

*Pleading—Plea of Payment— When an Attorney is not authorized to receive Payment of less than the amount in Settlement of a Judgment due his Clients—Construction of Stat. 4 Anne, ch. 16, sec. 12, relating to the Plea of Payment in Actions on Records— Test of Jurisdiction of Courts in Maryland—Construction of the Constitution of 1867, Art. 4, Part 4—Jurisdiction of the Superior Court of Baltimore City.*

The payment of a smaller sum can never be pleaded in satisfaction or discharge of a greater one, unless some agreement founded on a sufficient consideration be shown for giving up the residue, or unless there be a release under seal.

Where a sum of money was paid by the defendant to the plaintiffs' attorney as an entire satisfaction of a judgment, against the former, and it was so understood and intended at the time between the attorney and the defendant, and there was an absence of evidence to show authority in the attorney, either express or implied, to receive the sum, the plaintiffs were not bound to accept it. If the sum of money was paid to the attorney as a part payment only of the judgment, or if that sum was paid with the understanding that if the plaintiffs were not willing to accept it in full satisfaction, it should be taken as a part payment only, the payment would be good as a part payment. The attorney being clothed with authority to collect, had authority by implication to receive the entire amount in several or different payments.

It would be for the jury to pass on the question of the purpose and understanding with which such a payment was made to the attorney, whether in full settlement, or as a part payment of the judgment.

Under the Statute 4 Anne, ch. 16, sec. 12, relating to the plea of payment and satisfaction in actions on records, a defendant sued on a judgment is not precluded from the benefit of partial payments of the judgment, under the plea of payment. The plea must profess to answer the entire demand and allege payment in full, in order to

conform to the Statute; but it does not follow that under that plea, the defendant may not give in evidence partial payments, and thus reduce the amount sought to be recovered.

A plea of payment ordinarily, and in most actions where it can be pleaded as a bar, may be pleaded to a particular part of the demand, and confess as to the residue, or the defendant may plead payment as to part, and some other plea as to the remainder, taking care always to specify to what particular part the plea of payment is intended to apply.

According to the practice in Maryland, in actions of debt on simple contract as well as *indebitatus assumpsit*, the result of enquiry under a plea of payment, may be expressed in a general verdict for the plaintiff for the amount found due, after deducting all payments admitted or proved.

The test whether a Court in Maryland has jurisdiction in matters *ex contractu* is, the amount recovered and not the sum laid or claimed.

Under the Constitution of 1867, the Superior Court of Baltimore City taking concurrently with the Baltimore City Court and the Court of Common Pleas, the former jurisdiction of the Court of Common Pleas, the *minimum* limit of its jurisdiction must exceed one hundred dollars; and if the amount recovered in an action *ex contractu* does not exceed that amount, there is a want of jurisdiction to render a judgment.

APPEAL from the Superior Court of Baltimore City.

The proceedings in this case were begun by the appellants by an attachment on warrant, which was dissolved by the appellee giving bond and appearing to the action on the short note, which is as follows: This suit is instituted to recover the sum of $109.69, with interest at the rate of six *per centum per annum*, from October 10th, 1873, and $10 Court costs, due and owing from the defendant to the plaintiffs; for that the said plaintiffs on the 4th day of May, 1874, in the Corporation Court of the City of Norfolk, in the State of Virginia, recovered against said defendant a judgment for the sum of $109.69, with interest thereon, to be computed at the rate of six *per centum per annum*, from the 10th day of October, 1873, and costs;

which judgment still remains unsatisfied and unpaid. The defendant pleaded: that after the recovery of said debt and damages, and before the issuing of the original writ in this action, he, the said defendant, paid, satisfied and discharged the said debt and damages aforesaid recovered. The case is further stated in the opinion of the Court. The letters and the receipt therein mentioned are as follows:

BALTIMORE, *Jany.* 23, 1874.

Mess. Baker & Borland,

Gents:—Enclosed please find circular, which we have just recd. from the trustee for J. S. B. Anderson, and in reference to same would state, that if you have not had judgment issued against above Anderson, that we would prefer to settle at 40 o o as stated in enclosed circular; awaiting your answer per return mail.

Respectfully,

N. & H. J. ROHR.

BALTIMORE, *Jany. 25th*, 1875.

Mr. J. S. B. Anderson,

Dr. sir:—As we wish to close your acct. in our books, and avoid any difficulty, I will take fifty dollars cash by return of mail and send you receipt in full.

Resp'y,

NATHAN ROHR.

NORFOLK, *June* 5, 1875.

Recd. of J. S. B. Anderson, $50, in settlement of Rohr, &c. vs. J. S. B. Anderson, judgt. in Corporation Court.

T. R. BORLAND,

*Atty. for Rohr Bros.*

*Exception.*—At the trial the plaintiffs offered the following prayers:

1. That there is no evidence legally sufficient in this cause to establish that the judgment sued on in this case

has been paid, satisfied or discharged, and the verdict must be for the plaintiffs,—(modification by the Court)—for such sum as the jury may find to be due after crediting any payments they may find the defendant has made on the indebtedness thereof.

2. That there is no evidence in this cause legally sufficient to show that there has been any payment, discharge or satisfaction, in whole or in part, of the judgment sued on in this case, and the verdict must therefore be for the full amount of the judgment.

3. That the payment of the fifty dollars to T. R. Borland, after the letter from the plaintiffs to the defendant, directing the fifty dollars to be paid to them, was without authority, and is, therefore, no payment to the plaintiffs, and does not affect the recovery in this case of the full amount of the judgment sued on in this case.

4. That the fifty dollars having been given to and accepted by T. R. Borland, in settlement of the entire judgment sued on in this case, and having been refused by the plaintiffs, and immediately thereafter tendered to the defendant, is not a payment on account of said judgment.

The Court (DOBBIN, J.,) granted the plaintiff's first prayer with the modification above stated; and rejected their second, third and fourth prayers. The plaintiffs excepted. The jury rendered a verdict for eighty-seven dollars and eighty-four cents for the plaintiffs. The defendant thereupon moved the Court for a judgment of *non pros.* for the reason, that the verdict was under the jurisdiction of the Court; which motion was sustained and a judgment of *non pros.* entered. The plaintiffs appealed.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J., and subsequently reargued on notes, and submitted to BARTOL, C. J., BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*Moses R. Walter,* for the appellants.

The appellants' prayers should have been granted.

The money was paid to and received by Mr. Borland, not in part payment, but in full settlement of the judgment. The receipt was without authority, and having been repudiated by the plaintiffs must be regarded as never having taken place. Mr. Borland stated at the time that his action would not be binding on his clients, unless agreed to by them. *Kingston Bank vs. Gay,* 19 *Barb.* (*N. Y.,*) 459, 460; *Hough vs. May,* 4 *Ad. & El.,* 954, 958.

Even did the evidence not negative any such authority, the burden of showing that authority did exist would be on the appellee, for no attorney as such has power to compromise a claim "without express authority from the client to that effect." *Maddux vs. Bevan,* 39 *Md.,* 493–4.

The plaintiffs could not be compelled to accept less than the whole amount due, and their refusal to take the fifty dollars prevents that sum from being considered a part payment. *Dixon vs. Clark,* 5 *C. B.,* (57 *E. C. L.,*) 365.

As the defendant could not compel the plaintiffs to accept part payment, the fifty dollars cannot be treated as a tender of that amount. *Tender must be of the whole debt, and must be unconditional. Huxham vs. Smith,* 2 *Camp.,* 21; *Hough vs. May,* 4 *Ad. & El.,* 954, 957, 958; *Strong vs. Harvey,* 3 *Bing.,* 304, 314; *Bowen vs. Owen,* 11 *Q. B.,* (63 *E. C. L.,*) 130.

In an action on judgment the plea of payment was not good at common law. 1 *Chitty on Pl.,* (*marg. page,*) 485.

The right to plead payment to a record was given by 4 Anne, ch. 16, sec. 12, (now in force in this State; *Alex. Brit. Stats.,* 661, and *Crawford vs. Beall,* 21 *Md.,* 232,) and in order to come within that statute the defendant *must have paid all the money due on the judgment.* 1 *Chitty Pl.,* (*m. page,*) 485; *Peploe vs. Galliers,* 4 *Moore,* 165.

The gist of the plea is that the judgment has been fully paid.  *Crawford vs. Beall*, 21 *Md.*, 232; 1 *Ch. Pl.*, (*marg. p.*,) 485.

The Superior Court clearly erred in granting the motion for a *non pros.*  The Constitution of 1867, Art. IV, part 4, sec. 28, provides that the Superior Court, Court of Common Pleas, and Baltimore City Court, shall have concurrent jurisdiction *in all civil common law cases,* and concurrently all *the jurisdiction the Superior Court and Court of Common Pleas had when the Constitution was adopted.*  At that time the jurisdiction of the Superior Court and Court of Common Pleas was fixed by secs. 33 and 34 of the Constitution of 1864, Art. IV, part 4.  These sections were construed by this Court in *Baltimore Cannel Coal and Iron Company vs. Steuart*, 28 *Md.*, 369, where it was held on the authority of the cases of *Abbott vs. Gatch*, 13 *Md.*, 314, and *Reidel vs. Turner*, 28 *Md.*, 365, that the Superior Court had, when the new Constitution was adopted, jurisdiction to enter up judgment on verdicts, no matter what the amount might happen to be.

The Constitution of 1851 provided that the Court of Common Pleas "shall have jurisdiction in all suits where the debt or damages claimed shall be over $100, and shall not exceed $500;" and the Superior Court shall have jurisdiction when the debt or damages claimed shall exceed $500.  And yet this Court, in *Abbott vs. Gatch*, held that the Superior Court had a right to enter up judgment on a verdict for $400.  Now the language conferring jurisdiction on justices is identical with that of the Common Pleas, and as this Court determined, that the language in the latter was not exclusive, and did not prevent the Superior Court from rendering judgment where the verdict was within the ordinary jurisdiction of the Common Pleas, should the very same language in respect to justices be held to be exclusive, and to prevent the entering up of judgment in the present case?  The question involved in

*Ott vs. Dill,* 7 *Md.,* 251, and *Bushey vs. Culler,* 26 *Md.,* 531, is entirely different from the one under consideration here.

*C. Dodd McFarland,* for the appellee.

There are but two questions in this case: 1st. That the Superior Court of Baltimore City has no jurisdiction to enter judgment on a verdict for less than one hundred dollars. 2d. That the payment of fifty dollars to the attorney for the appellants, was a payment on the judgment.

On a verdict for less than one hundred dollars, the Superior Court of Baltimore City has no jurisdiction to enter judgment.

The Constitution of 1851, Art. IV, sec. 10, provides that "there shall be established for the City of Baltimore one Court of law, to be styled the 'Court of Common Pleas,' which shall have jurisdiction in all suits where the debt or damage claimed shall be over one hundred dollars, and shall not exceed five hundred dollars." Sec. 11 of the same Article, provides that "there shall also be established for the City of Baltimore, another Court of law, to be styled the 'Superior Court of Baltimore City,' which shall have jurisdiction over all suits where the debt or damage claimed shall exceed the sum of five hundred dollars; and in case any plaintiff or plaintiffs shall recover less than the sum or value of five hundred dollars, he or they shall be allowed or adjudged to pay costs, in the discretion of the Court."

The Constitution of 1864, part IV, sec. 33, provides that "the Superior Court of Baltimore City shall have jurisdiction over all suits where the debt or damage claimed, exclusive of interest, shall exceed the sum of one thousand dollars; and in case any plaintiff or plaintiffs shall recover less than the value or sum of one thousand dollars, he or they shall be allowed or adjudged to pay costs, in the discretion of the Court." Section 34 of the same part, pro-

vides that "the Court of Common Pleas shall have civil jurisdiction in all suits where the debt or damage claimed, exclusive of interest, shall be over one hundred dollars, and shall not exceed one thousand dollars."

The Constitution of 1867, part IV, sec. 28, provides that the "Superior Count of Baltimore City, the Court of Common Pleas, and the Baltimore City Court, shall each have concurrent jurisdiction in all civil common law cases, and concurrently all the jurisdiction which the Superior Court of Baltimore City and the Court of Common Pleas now have," except, &c.

The provisions of the Constitutions quoted, confer the jurisdiction on the Superior Court of Baltimore City.

The Court of Appeals, in *Abbott vs. Gatch,* 13 *Md.,* 335, in construing the words, "in case any plaintiff shall recover less than five hundred dollars, he shall be allowed or adjudged to pay costs, in the discretion of the Court," allowed a judgment for four hundred dollars to be affirmed, and grounded their decision on the words quoted.

Justices of the Peace have exclusive jurisdiction in all cases for the enforcement of contracts, where the debt claimed does not exceed one hundred dollars.   *Art.* 51, ·sec. 13, *of the Code.*

The amount *recovered* and not the amount *claimed* is the test of jurisdiction.   *O'Reilly vs. Murdoch,* 1 *Gill,* 32.   This Court determining that in cases of contract, a different principle seems to have prevailed, and in all such cases the sum recovered and not the matter put in demand is made to decide the question of jurisdiction.   In all cases of debt or contract, expressed or implied, it is the real debt or damage which founds the jurisdiction.   *Beall vs. Black,* 1 *Gill,* 203; *Carter vs. Tuck,* 3 *Gill,* 248.

Section 13 of Art. 51 of the Code, is almost identical with sec. 1, ch. 239 of Acts of 1852.   This section was construed in *Ott vs. Dill,* 7 *Md.,* 251.   A verdict was rendered for thirty dollars in an action of *assumpsit;* a *non pros.* was

entered, and affirmed on appeal. The case originated in Frederick County. See *Bushey vs. Culler,* 26 *Md.,* 551; *Con.* 1867, *part 6, sec.* 42.

The Superior Court of Baltimore City, in the case of *Cooper vs. Roach,* 36 *Md.,* 563, entered a judgment of *non pros.* on a verdict for fifty dollars.

" When legal terms are used in a *statute,* they are to receive their technical meaning, unless the contrary intention plainly appears, but this rule does not apply to the interpretation of the *organic law,* which is to be construed according to the acceptation of those who adopted it." *State vs. Mace,* 5 *Md.,* 337.

It is not contended that the payment of fifty dollars by the appellee to the attorney for the appellants, operated as a payment in full and discharge of the judgment in favor of the appellants against the appellee, in the Corporation Court of Norfolk, Virginia, but it is earnestly contended that it operated as a part payment of that judgment. Mr. Borland was one of the attorneys of record for the appellants in that judgment. His authority continued. It never had been revoked. Whatever is done by the attorney in the progress of a cause in which his appearance is entered, is esteemed as done by and binding on the client. *Henck vs. Todhunter,* 7 *H. & J.,* 275; *Bethel Church vs. Carmack,* 2 *Md. Ch. Dec.,* 143; *Thornburg vs. Macauley,* 2 *Md. Ch. Dec.,* 425; *Kent vs. Ricord,* 3 *Md. Ch. Dec.,* 392; *McCauley vs. State,* 21 *Md.,* 569; *Dorsey vs. Kyle, et al.,* 30 *Md.,* 512.

ALVEY, J., delivered the opinion of the Court.

In this case an opinion was delivered at the last term of this Court, but upon re-argument ordered, and further examination, we are brought to a conclusion different from that announced in the opinion heretofore filed.

This is an action of debt, founded upon the record of a judgment recovered by the plaintiffs against the defend-

ant, in the Corporation Court of the city of Norfolk, in the State of Virginia. The judgment was for $109.69, with interest from the 10th of October, 1873, and $10 costs.

To the declaration or short note the defendant pleaded that he had paid, satisfied, and discharged the judgment declared on. The trial of the case resulted in a verdict of $87.84 for the plaintiffs, and upon motion of the defendant, a *non pros.* of the action was entered, upon the ground that there was no jurisdiction in the Court to render a judgment on the verdict for the amount found to be due, that amount being less than $100.

It appears that the claim upon which the judgment in the Corporation Court was rendered, had been sent by the plaintiffs to an attorney in Norfolk for collection. After suit brought and judgment obtained, the judgment debtor paid the attorney $50, and the attorney gave a receipt for that sum, expressing it to be "in settlement" of the judgment recovered. The attorney testifies that the receipt was intended to be in full settlement of the judgment. The plaintiffs refused to accept the $50, and repudiate the act of the attorney in receiving that amount, even as part payment on the judgment. The defendant has refused to receive it back from the attorney, in whose hands it still remains.

We entirely agree with the Court below, that there is no evidence furnished to establish the fact that the judgment has been paid, satisfied, or in any manner discharged. No principle of the law is better settled than that the payment of a smaller sum can never be pleaded in satisfaction or discharge of a greater one, unless some agreement, founded on a sufficient consideration, be shown for giving up the residue, or unless there be a release under seal. And there being no discharge of the judgment, the question is, how and for what purpose were the $50 paid by the defendant to the attorney in Norfolk? If that sum was paid as an entire satisfaction of the judg-

ment, and it was so understood and intended at the time as between the attorney and defendant, then there is an entire absence of evidence to show authority in the attorney, either express or implied, so to receive that sum. *Maddux vs. Bevan,* 39 *Md.,* 485. Such authority is neither found in the letter of the plaintiffs to the attorney, of the 23rd of January, 1874, nor in that of January 25th, 1875, from the plaintiffs to the defendant. And the attorney having no authority so to receive the $50, the plaintiffs were not bound to accept it. *Hough vs. May,* 4 *Ad. & El.,* 954; *Curtis vs. Innerarity,* 6 *How.,* 146. But, on the other hand, if the $50 were paid to the attorney as only part payment of the judgment, or if that sum was paid with the understanding that if the plaintiffs were not willing to accept it in full satisfaction, it should be taken as part payment only, then we think the payment would be good as part payment, and that the attorney, being clothed with power to collect, had authority by implication to receive the entire amount in several or different payments. And we think this question ought to have been submitted to the jury, and, consequently, that there was error in the addition or modification appended by the Court to the plaintiffs' first prayer, in omitting to require the jury to pass upon the question of the purpose and understanding with which the payment was made.

But it is contended by the plaintiffs that if it be found that the $50 were paid only as part payment of the judgment, still the defendant is not at liberty to take the benefit of that partial payment under the plea of payment and satisfaction; and that, therefore, the Court below was in error in the modification attached to the plaintiffs' first prayer.

This objection is founded upon the *Statute of* 4 *Anne, ch.* 16, *sec.* 12. By that statute, which is in force here, (*Alex. Brit. St.,* 661,) it is provided, that "where any action of debt shall be brought upon any single bill, or where action

of debt, or *scire facias,* shall be brought upon any judg-
ment, if the defendant hath paid the money due upon such
bill or judgment, such payment shall and may be pleaded
in bar of such action or suit," etc. Of this provision of the
statute, Mr. Chitty gives it as the settled construction, that
inasmuch as a plea of payment in an action upon a
record was not good at common law, because such payment
was matter *in pais,* and not of record, the plea allowed by
the statute must go to the whole amount due on the judg-
ment, and form a complete bar to the action, or otherwise
it is not good. He says, "the debtor may plead payment,
but in order to come within the statute, he must have paid
*all* the money due on the record or judgment, so that the
whole of such judgment must have been satisfied; and if
it do not go to that extent, the plea will be bad." 1 *Chit.
Pl.,* (16*th Am. Ed.,*) 512. We do not, however, understand
this construction of the statute to preclude the defendant
from the benefit of partial payments on the judgment,
under the plea of payment. The plea must profess to
answer the entire demand, and allege payment in full, in
order to conform to the statute; but it does not follow that
under that plea the defendant may not give in evidence
partial payments, and thus reduce the amount sought to
be recovered.

A plea of payment, ordinarily, and in most actions
where it can be pleaded as a bar, may be pleaded to a par-
ticular part of the demand, and confess as to the residue,
or the defendant may plead payment as to part, and some
other defence as to the remainder, taking care always to
specify to what particular part the plea of payment is
intended to apply. And in actions of debt on simple con-
tract, as well as *indebitatus assumpsit,* the plea of payment
though pleaded generally, may be taken distributively,
and the issue be found for the defendant as to the amount
proved to be paid, and as to the residue for the plaintiff,
(*Cousins vs. Paddon,* 2 *Cr. M. & R.,* 547,) or, according to

our practice, the result of such an inquiry may be expressed in a general verdict for the plaintiff for the amount found due after deducting all payments admitted or proved. But there are cases, and an action on a judgment is one of them, where the defendant cannot plead in bar payment of part of the amount claimed, and where the plea of payment cannot be considered and applied distributively, so as to entitle the defendant to a formal verdict on the record as to part of the demand; and yet, both reason and justice require that he should be allowed the benefit of all part payments, proved by him, in order to save him the necessity of applying to a Court of equity for relief.

In the case of *Lord vs. Ferrand,* 1 *Dow. & L.,* 630, the defendant pleaded payment of the whole amount of the promissory note declared on, but proved payment of part only; and while the Court expressed a doubt whether the plea could be applied distributively, they said, at all events, the defendant was entitled to be allowed in reduction of damages, such amount as he had proved to have been paid. This, we think, is not only in accordance with justice, but with established practice, and it applies in a case like the present as well as in any other.

The second, third and fourth prayers of the plaintiffs were properly refused by the Court below, because they all sought to exclude the payment of the $50, notwithstanding it may have been received by the attorney as part payment on the judgment.

As to the question of jurisdiction upon which the plaintiffs were *non prossed,* we adhere to the conclusion announced in the opinion filed upon the first hearing. By the 28th sec. of the 4th Article of the Constitution, the Superior Court, the Court of Common Pleas, and the Baltimore City Court, are given *concurrently* all the jurisdiction which the Superior Court and the Court of Common Pleas had at the time of the adoption of the present Constitution, except in certain enumerated cases. At the

time of the adoption of this Constitution, the Superior Court was clothed with jurisdiction over all suits where the debt or damage claimed exceeded $1000; and the Court of Common Pleas had civil jurisdiction in all suits where the debt or damage claimed, exclusive of interest, exceeded $100, and did not exceed $1000. Jurisdiction in all matters of contract, where the debt or damage claimed does not exceed $100, belongs to the justices of the peace. In this apportionment of jurisdiction, the test whether either of the three Courts named in the City of Baltimore has jurisdiction in matters *ex contractu*, is the amount recovered, and not the sum laid or claimed. This has been repeatedly decided in respect to the jurisdiction of the Circuit Courts for the Counties, and those decisions apply here, and are conclusive of the present question. The Superior Court taking concurrently with the other two Courts named, the former jurisdiction of the Court of Common Pleas, the *minimum* limit of its jurisdiction must exceed $100; and if the amount recovered in an action *ex contractu*, exclusive of interest, does not exceed that amount, there is a want of jurisdiction to render a judgment. *Ott vs. Dill,* 7 *Md.,* 251; *Bushey vs. Culler,* 26 *Md.,* 534, 552; *Cooper vs. Roche,* 36 *Md.,* 563.

The judgment appealed from will be reversed, and a new trial awarded.

*Judgment reversed, and*
*new trial awarded.*