E. SHRIVER REESE vs. A. W. HAWKS.

*Justice of the Peace—Court of Common Pleas—Jurisdiction—Sec. 28, of Art. 4, of the Constitution—Residuary jurisdiction.*

An action was brought in the Court of Common Pleas on two promissory notes, each for the sum of fifty dollars. By computing interest from the date of their maturity to the bringing of the suit, the whole amount recoverable exceeded one hundred dollars. On a plea to the jurisdiction because the debt claimed, exclusive of interest, was not over one hundred dollars, it was HELD:

1st. That as the plaintiff was entitled to recover the interest accrued upon the principal of his claim, as well as the interest itself, he could not have maintained a suit before a Justice of the Peace, as the amount of his judgment, if obtained, would have been in excess of the jurisdiction of a magistrate, which is limited to one hundred dollars.

2nd. That as under section 28, of Article 4, of the Constitution of 1867, the Court of Common Pleas shares with the Superior Court of Baltimore City, the residuary jurisdiction to entertain a suit where the interest recoverable carries the claim, which otherwise would not exceed one hundred dollars, beyond that sum, the Court of Common Pleas had jurisdiction to entertain the suit.

*Rohr vs. Anderson,* 51 Md., 205, not in conflict with this case.

APPEAL from the Court of Common Pleas.

This suit was instituted by the appellant against the appellee in the Court of Common Pleas, on the 2nd of December, 1882, on two promissory notes, each for the sum of fifty dollars, and dated respectively the 18th of November, 1881. One was payable six months after date, the other twelve months after date. The defendant pleaded to the jurisdiction of the Court because "said supposed cause of action, and each and every one of them, did not amount to over one hundred dollars, exclusive of

interest and costs." The Court gave a judgment of *non pros.* for want of jurisdiction, and the plaintiff appealed.

The cause was argued for the appellant before ALVEY, C. J., STONE, MILLER, IRVING, RITCHIE, and BRYAN, J.

*James A. L. McClure*, for the appellant.

No appearance for the appellee.

RITCHIE, J., delivered the opinion of the Court.

This suit was instituted in the Court of Common Pleas on two promissory notes, each for the principal sum of fifty dollars. By computing interest from the date of their maturity to the institution of the suit, the whole amount recoverable is over one hundred dollars. On a plea to the jurisdiction because the debt claimed, excluding the interest, did not exceed one hundred dollars there was judgment of *non pros.* Whether such a plea was well-founded, is the sole question presented by this appeal.

Before considering what jurisdiction the Constitution confers upon the Court of Common Pleas, it is pertinent to state that the plaintiff could not have maintained a suit for the principal and interest of his claim before a justice of the peace. It is well settled that the test of jurisdiction in actions *ex contractu* is not the amount claimed, but the amount recovered. It is also well-settled that interest "is recoverable *as of right,* upon contracts in writing to pay money upon a day certain, as upon bills of exchange, promissory notes," &c. *Balto. City Pass. Railway Co. vs. Sewell,* 37 *Md.,* 452. As the plaintiff was therefore entitled to recover the interest accrued upon the principal of his claim as well as the principal itself, the amount of his judgment, if obtained, would have been in excess of the jurisdiction of a justice of the peace, which by the

statute and judicial construction is limited to one hundred dollars. As a judgment, where the principal of the debt is not over one hundred dollars, but the amount recoverable exceeds that sum by reason of interest, cannot be rendered by a magistrate, the right of recovery on a debt of this nature must be conferred on some other tribunal; otherwise the anomaly would be presented of a creditor with such a claim being wholly without remedy; a consequence which could not have been intended by the framers of our organic law.

Presuming that no such *casus omissus* exists as that of a creditor having a claim too large to be sued on before a justice of the peace, and not large enough to be sued on any where else, we shall now inquire where the jurisdiction is lodged in which judgment on such a claim may be recovered.

The language of the Constitution of 1867 material to our present inquiry, found in sec. 28 of Art. 4, is as follows :

"The Superior Court of Baltimore City, the Court of Common Pleas and the Baltimore City Court shall each have concurrent jurisdiction in all civil common law cases, and, concurrently, all the jurisdiction which the Superior Court of Baltimore City and the Court of Common Pleas now have, except," &c.—The exceptions enumerated are not material to the present question further than to note that they do not embrace a case like the present.

Whatever jurisdiction, therefore, the Superior Court and the Court of Common Pleas were respectively exercising in civil common law cases when the present Constitution was adopted, which was, of course, the jurisdiction conferred on them by the Constitution of 1864, was by the Constitution of 1867 conferred upon those two Courts and the Baltimore City Court; subject to certain exceptions which, as intimated, need not here be considered.

What was the jurisdiction conferred on the first named two Courts by the Constitution of 1864, appears from sec-

tions 33 and 34 of Article 4 of that instrument. Section 33 declares: "The Superior Court of Baltimore City shall have jurisdiction over all suits where the debt or damage claimed, exclusive of interest, shall exceed the sum of one thousand dollars  *  *  *  and in all other civil cases not hereinafter assigned to the Court of Common Pleas," &c. The succeeding section, 34, declares: "The Court of Common Pleas shall have civil jurisdiction in all suits where the debt or damages claimed, exclusive of interest, shall be over one hundred dollars and shall not exceed one thousand dollars."

By section 34 the Court of Common Pleas was not vested with jurisdiction to try a case like the present; nor was the Superior Court so vested under the grant of jurisdiction designed to be primarily and peculiarly its own. But in order to supply a jurisdiction for civil cases not otherwise provided for, the Superior Court received in addition to its specific and peculiar grant of jurisdiction, a residuary jurisdiction covering all civil cases not assigned to the Court of Common Pleas. As the same Constitution in sec. 47, Art. 4, continued the jurisdiction of justices of the peace as then exercised, which in cases of debt was limited to the recovery of one hundred dollars by the statute, the only amount in claims arising *ex contractu*, not assigned to the Court of Common Pleas or elsewhere specifically provided for, was that where the debt or demand *inclusive* of interest, and because of said interest, exceeded one hundred dollars. The residuary grant of jurisdiction to the Superior Court, we take it, was designed to cover such a claim, and so applying it, a forum was supplied for a claim otherwise remediless, and jurisdiction was completed, in conjunction with that already expressly allotted, for every kind of demand. It consequently follows, that as the Constitution of 1867 gives to the Superior Court, the Court of Common Pleas and the Baltimore City Court concurrently all the jurisdiction previ-

ously exercised by the first two Courts, except as otherwise provided, and a case like that before us not being included in the exceptions, the Court of Common Pleas and the Baltimore City Court alike with the Superior Court share the residuary jurisdiction to entertain a suit where the interest recoverable carries a claim which otherwise would not exceed one hundred dollars, beyond that sum.

There is an apparent incongruity in thus giving jurisdiction to these Courts to try a case outside the limits of their expressly conferred jurisdictions; but the cause of action contemplated is so infrequent and exceptional as to involve no serious confounding of jurisdictions, and the alternative to the seeming inconsistency would be that of no tribunal, provided by law for the recovery of such a claim.   While we do not assert that the provisions of the Constitution relating to this matter are wholly free from ambiguity, we think they warrant the construction we have given then.   Moreover, as was announced in *Abbott vs. Gatch*, 13 *Md.*, 315 : "It is the duty of the Courts so to interpret doubtful provisions of the Constitution as to maintain the jurisdiction of the legal tribunals."

It has been suggested in the argument, that the construction of the Constitution, in regard to the tribunal in which claims like the present should be sued upon, hitherto prevailing in the Courts of Baltimore City, accords with that herein announced ; but that the decision in *Rohr vs. Anderson*, 51 *Md.*, 205, has raised some doubt as to what might be the views of this tribunal, and that one reason for the present appeal was to remove any uncertainty upon the subject.

We do not consider the case of *Rohr and Anderson* to be in conflict with the conclusion we have reached upon the facts in this case.   In the former case, the judgment recovered was less than one hundred dollars, and the point decided was that the residuary jurisdiction of the Superior Court could not be extended to claims, inconsist-

ent with the limits of the jurisdiction affirmatively conferred on that tribunal, and expressly within the jurisdiction of a justice of the peace. It was not designed that a residuary jurisdiction, meant to provide a forum where none otherwise existed, could be invoked to invade a jurisdiction specially provided for judgments of the kind in question. To allow such latitude of construction would be to break down the established barriers which clearly define the nature of the subject-matters affirmatively allotted to the respective tribunals, and from which a departure is permitted only by residuary grant in the exceptional case where no forum has been expressly provided, and not where a trespass on the appointed domain of other jurisdictions would result.

*Judgment reversed, and*
*cause remanded.*