# BALTIMORE CITY COURT

Filed November 26, 1900.

MUTUAL LIFE INSURANCE COMPANY
VS.
HANTSKE AND ECKHART.

*W. Hall Harris* and *Paul M. Burnett* for plaintiff.

*Howard Bryant* for defendants.

RITCHIE, J.—

This case is a suit on a bond in the penalty of $100, with the condition, among others, that Hantske should duly account to the plaintiff for all moneys collected by him as its agent. It was removed to this Court from the Circuit Court for Baltimore County. The jurisdiction of that Court to entertain a suit and enter judgment for the even sum of $100 is free from question, but this Court in suits on contract cannot enter judgment unless the amount *exceeds* $100, and of course its jurisdiction cannot be enlarged by the act of removal.

The point is made by defendants on the prayers that this Court has no jurisdiction of this case because the sum sued for, *exclusive of interest*, does not exceed $100.

Under the Constitution of 1864, the minimum jurisdiction of the Court of

Common Pleas was when the debt or damage claimed, exclusive of interest, exceeded $100; the Superior Court had jurisdiction when the debt or damage claimed, exclusive of interest, exceeded $1,000, *and* of all other civil cases *not assigned to the Court of Common Pleas.* Under the Constitution of 1867, the two Courts named and this Court have concurrently (with some exceptions not now material) all the jurisdiction which those two Courts had under the Constitution of 1864, and this includes of course the residuary jurisdiction which the Superior Court then had of all civil cases not assigned to the Court of Common Pleas.

In Reese vs. Hawks, 63 Md. 130 (1884), a suit on two promissory notes of $50 each, on which the plaintiff was entitled to interest *as a matter of right,* it was held that the Court of Common Pleas could entertain the suit under this residuary jurisdiction first conferred on the Superior Court by the Constitution of 1864, and now shared with it by the Court of Common Pleas and by this Court. Such a suit prior to 1867 could not have been brought in the Court of Common Pleas because the debt claimed, exclusive of interest, did not exceed $100, and the plaintiff could not have recovered what he was entitled to before a justice of the peace, because the justice could not enter a judgment for more than $100, and hence the Court in Reese vs. Hawks says, that unless the Court of Common Pleas could entertain the suit under this residuary jurisdiction, the plaintiff would have a claim too large to be sued on before a justice and not large *enough to be sued on anywhere* else.

It appears in this case that the plaintiff is entitled to recover, at least, the full amount of the penalty of the bond sued on, for the money for which the agent Hantske failed to account. Passing by the case of a suit for an even $100 where the allowance of interest would be in the. discretion of the jury, and not recoverable as of right, this Court has jurisdiction in this case under Reese vs. Hawks, if the plaintiff is entitled to interest on the amount of the penalty as of right.

In McShane vs. Howard Bank, 73 Md. 159, a suit on a bond with a penalty, it was held that the plaintiff is entitled to interest as of right where

his money has been wrongfully used or detained; that interest runs from the time of misappropriation, and that the liability of the surety is the same as that of the principal. In that case the sum sued for together with interest did not exceed the penalty, but if the plaintiff is entitled to interest as of right on the sum due, because of the use or detention of his money, when the right of recovery amounts to less than the penalty, I can see no reason why he is not equally entitled to interest when a sum equal to the penalty is due, and has been used or detained. The decided weight of authority is to the effect that in a case such as this, the plaintiff may recover the full amount of the penalty with interest thereon from the time of the breach. See cases cited, 2 Sutherland on Damages, Section 477, and 16 Encyc. 1009.

In my opinion the plaintiff is entitled to recover from both defendants the full amount of the penalty, with interest thereon as of right, from the time of the breach, and this Court therefore has jurisdiction.