MORRIS LEGUM *vs.* PETER BLANK ET AL.

*Jurisdiction of Courts and of Justices of the Peace in Actions ex-Con-
tractu—Amount Recovered—Suits Involving Title of Land—Recov-
ery of Deposit Paid on Account of Purchase—Pleading.*

The common law Courts of Baltimore City have, under Constitution, Art.
4, sec, 28, jurisdiction when the amount recovered in actions *ex-con-
tractu* exceeds $100, and also, under the construction of that section,
residuary jurisdiction in actions for which no forum is otherwise pro-
vided. Code, Art. 52, secs. 6, 7, prescribe that the civil jurisdiction of
Justices of the Peace shall extend to cases for the enforcement of con-
tracts when the amount claimed shall not exceed $100, but that they
shall not have any jurisdiction in cases where the title to land is in-

volved. *Held*, that the Courts have jurisdiction of an action *ex-con-tractu* where the title to land is involved, although the amount recovered is less than $100, since there is no other tribunal vested with jurisdiction to entertain such suit.

A contract for the sale of leasehold property provided that if the ground rent thereon should not be an original rent, the purchaser should have the right to declare the contract void and to recover a deposit of $25, made on account of the purchase money. *Held*, that the question whether the ground rent was an original rent or not is one involving the title to real estate, and consequently a Justice of the Peace has under Code, Art. 52, sec. 7, no jurisdiction of an action to recover the deposit, but the law Courts have jurisdiction.

In an action brought in a law Court of Baltimore City to recover a sum less than $100, on the ground that the Court has jurisdiction because the suit involves the question of title to land, the declaration should contain a special count setting forth that cause of action, but it is error to unite with that count, the common counts in assumpsit.

When it appears upon the face of a declaration that the Court is without jurisdiction of the action, that objection may be raised by demurrer.

*Decided February 16th, 1907.*

Appeal from the Court of Common Pleas.

The cause was argued before BRISCOE, BOYD, PEARCE, SCHMUCKER and BURKE, JJ.

*Myer Rosenbush*, for the appellant.

*O. Parker Baker* and *Geo. E. Robinson*, for the appellee, submitted the cause on their brief.

BOYD, J., delivered the opinion of the Court.

This suit was instuted in the Court of Common Pleas of Baltimore City. There are six common counts and a special one (7), which alleges that the plaintiff purchased, by contract in writing, of the defendants two leasehold properties in the city of Baltimore, subject to an original ground rent of one cent each, with the further condition that "should said ground rents not be original rents," said contract could, at the option of the plaintiff, be declared null and void; that the plaintiff paid upon the purchase price of said properties a deposit of $25

upon the express condition, recited in the contract, that said deposit should become immediately due and payable from the defendants to the plaintiff, should said ground rents not be original rents.　It is then alleged that "an examination of the title of said properties discloses the fact" that the said ground rents were not original rents, but were sub-ground rents, and the plaintiff notified the defendants that he would not accept title to said properties by reason thereof, and demanded said $25 so paid as a deposit, but the defendants failed and refused to pay the same.　The *narr.* concluded with a claim of $75 damages.

A demurrer was filed to the *narr.* and the following reasons assigned: A.　Because the amount claimed ($75) is not within the jurisdiction of the Court, and this suit should have been brought before a Justice of the Peace; and B.　Because this is an action of *assumpsit*, and the title to land is not involved in such action, and therefore the amount claimed is not within the jurisdiction of the Court; and for other reasons to be assigned at the hearing.　The demurrer was sustained, judgment on the demurrer entered and the plaintiff appealed.　At the argument it was stated that the appeal was prosecuted because it often happened in Baltimore that such contracts provided for a deposit of less than $100, and there was uncertainty as to whether suit could be brought for the recovery of such deposit before a Justice of the Peace, by reasons of the provisions in Art.　52 of the Code, prescribing their civil jurisdiction.　After providing in sec. 6 of that Article that such jurisdiction "extends to all cases for the enforcement of contracts and to obtain redress for wrongs where the debt or damages claimed shall not exceed one hundred dollars," etc. Sec. 7 provides: "But no Justice of the Peace shall have any jurisdiction in actions where the title to land is involved, nor in actions for slander, for breach of promise to marry or to enforce any lien for work done or materials furnished."　Sec. 8 (which was sec. 33 of Art. 51 of Code of 1860) makes this provision: "If the defendant in an action before a Justice of the Peace for cutting, destroying or carrying away timber or wood

to or from any land in this State, or for doing any other injury to such lands shall allege in writing that he claims title to said lands, or that he acted under a person claiming title to the same, whom he shall name in such allegation, and shall verify said allegation by oath, the justice shall take no further cognizance of the case."

Sec. 28 of Art. 4 of the present Constitution provides that "The Superior Court of Baltimore City, the Court of Common Pleas and the Baltimore City Court shall each have concurrent jurisdiction in all civil common law cases, and concurrently all the jurisdiction which the Superior Court of Baltimore City and the Court of Common Pleas now have;" except in equity and other cases mentioned. The jurisdiction those Courts "now have," as used in that clause, referred to that under the Constitution of 1864. The test of jurisdiction in actions *ex contractu* of the three Courts above named, "is not merely the amount *claimed, but also* the amount *recovered,* which recovery *must exceed one hundred dollars.*" 1 *Poe,* sec. 31. That was so decided in *Rohr* v. *Anderson,* 51 Md. 218, in which case a verdict was rendered for $87.84, and on motion a *non pros* of the action was entered. In *Reese* v. *Hawks,* 63 Md. 130, an action was brought in the Court of Common Pleas on two promissory notes each for the sum of $50.00. As the plaintiff was entitled to recover, *as of right,* interest on the two notes, the amount due him, *including interest,* exceeded one hundred dollars, but inasmuch as the jurisdiction of that Court was limited to suits "where the debt or damages claimed, exclusive of interest, shall be *over* one hundred dollars" the defendant filed a plea to the jurisdiction. That of Justices of the Peace being limited to cases in which "the debt or damages claimed shall not exceed one hundred dollars," the amount *recovered* in actions *ex contractu* being the test, there was presented a case where a Justice of the Peace could not enter judgment, because the amount, *with interest, exceeded* one hundred dollars, and the Court of Common Pleas could not enter one under sec. 34 of Art. 4 of the Constitution of 1864, because the amount of the debt, ex-

*clusive* of interest, was not "over one hundred dollars." But sec. 33 of that Article gave the Superior Court jurisdiction "where the debt or damages claimed, exclusive of interest, shall exceed the sum of one thousand dollars * * * *and in all other civil cases not hereinafter assigned to the Court of Common Pleas.*" This is termed in the opinion of *Reese* v. *Hawks*, "a residuary jurisdiction covering all civil cases not assigned to the Court of Common Pleas," and this Court said in speaking of it; "The residuary grant of jurisdiction to the Superior Court, we take it, was designed to cover such a claim, and so applying it, a forum was supplied for a claim otherwise remediless, and jurisdiction was completed, in conjunction with that already expressly allotted, for every kind of demand." It was then held that as the Constitution of 1867 gives the Superior Court, the Court of Common Pleas and the Baltimore City Court, concurrently, all the jurisdiction previously exercised by the first two, except as otherwise provided, the last two named "share the residuary jurisdiction to entertain a suit where the interest recoverable carries a claim, which otherwise would not exceed one hundred dollars, beyond that sum." The Court then distinguished that case from *Rohr* v. *Anderson*, showing that the amount involved in the latter was within the jurisdiction of a Justice of the Peace.

So in this case inasmuch as Justices of the Peace have no jurisdiction in actions where the title to land is involved, it would seem to be clear that the Court of Common Pleas, as well as either of the other two Courts named, would have jurisdiction in an action *ex contractu* where such title is involved, within the meaning of the statute, although the amount that could be recovered would not exceed one hundred dollars, there being no other tribunal vested with jurisdiction to entertain such suit. It is by reason of the "residuary jurisdiction" vested in the Superior Court by the Constitution of 1864, and conferred upon the three Courts under that of 1867.

The next question therefore to be determined is, would a Justice of the Peace have jurisdiction of such a case as that presented by this *narr?*

In *Dietrich* v. *Swartz*, 41 Md. 196, this Court held that the Circuit Court for Harford County did not have jurisdiction in an action of replevin for twenty logs of timber, which were appraised at $10.71, although by the replication facts were alleged which tended to show that the title to the land upon which the logs grew and were cut was involved. But it was held that when what is now sec. 7 is read in connection with secs. 6 and 8 of Art. 52 of the Code (1904) "Its sole purpose and effect is to deny jurisdiction to the justices in the specified actions for slander, for breach of promise of marriage, to enforce mechanics' liens and in actions of ejectment or trespass *quare clausum fregit, and the like where title to land is or may be necessarily and directly in issue*, and that it has no application whatever in any case to an action of replevin." That was followed in *Randle* v. *Sutton*, 43 Md. 64, which originated before a Justice of the Peace, to recover thirteen dollars "for ground rent for loading iron ore on sideing at 50 cents per car." The justices rendered judgment against the defendant who appealed to the Circuit Court where he filed a paper, which was sworn to, alleging that title to land was involved and undertaking to show how it was involved. The Circuit Court having decided against him he appealed to this Court, on the ground of want of jurisdiction in the lower Court, but his appeal was dismissed. We held that title to land was not "necessarily and directly in issue," but the fact that the relation of landlord and tenant existed was relied on—it was said "the title of the lessor is admitted and the tenant is estopped from denying it." It was there said that "It must appear to the Court from the nature of the action itself that it is one in which the title to land is necessarily and directly in issue between the parties." That was repeated in *Shippler* v. *Bloom*, 62 Md. 318, where the appeal was dismissed because the record did not disclose a want of jurisdiction in the Court below, as the question could not be presented, as attempted, by a bill of exceptions.

The two cases decided by this Court which more nearly resemble the question involved in this case are *Cole* v. *Hynes*, 46

Md. 181, and *Presstman* v. *Silljacks*, 52 Md. 647. The latter was an action of trespass *quare clausum fregit et de bonis asportatis*. The appellant had twice distrained on the property of the appellee, who was the assignee of the appellant's lessee. The appellee replevied the property distrained in each case before a justice of the peace, and upon appeal to the Baltimore City Court both cases were decided in favor of Presstman. There was a question as to whether Presstman's title had expired before he issued the distress warrants, as, supposing that he was the owner in fee of the property (when in fact his estate then consisted of only seven years of an unexpired leasehold, with the privilege of renewal), he executed a lease for the term of 99 years. The decisions in the replevin cases were relied on as *res adjudicata;* but this Court held that neither the justice of the peace nor the Baltimore City Court, on appeal, had power to determine whether Presstman's title had, or had not, expired, because "Under the 14th sec. of Art. 51 (now sec. 7 of Art. 52) of the Code of Public General Laws, a Justice of the Peace is not competent to hear and decide any case wherein the title to land is involved."

*Cole* v. *Hynes, supra,* was instituted before a justice of the peace and an appeal taken to the Circuit Court for Baltimore County. A motion was there made for a reversal of the judgment, because it appeared on the face of the cause of action that the justice had no jurisdiction, as the title to land was involved. This Court dismissed the appeal taken to it, because the cause of action was not in the record and there was nothing to show the want of jurisdiction. Afterwards the attention of the Court was, for the first time, called to the fact that by agreement of counsel, a certified copy of the account (which was for a balance of purchase-money of land sold to the defendant) had been filed with the clerk. In the opinion then filed it was said: "Where suit is brought to recover the purchase-money of land, and the contract of sale has not been performed by the execution and delivery of a deed, the plaintiff must *allege and prove* that he has good title to the land.

\* \* \* But if the defendant has accepted a deed of the property, the law is otherwise, and to oust the justice of jurisdiction of the case, it must affirmatively appear, on the face of the proceedings, that the defendant has not accepted a deed of the property, but that the contract is still executory."

Those two cases announce principles that reflect directly upon that involved in this appeal. If a vendee purchases land on such terms as those alleged in this *narr.*, pays a sum of money which it is agreed shall be returned to him if the title is defective, and then sues for the recovery of the money because the title is defective, and that is disputed, then unquestionably title to land is involved and a justice would have no jurisdiction. In such cases it would generally be necessary to allege and prove, if suit is brought in court, that the title is defective, to entitle the vendee to recover and as we have no special pleadings before justices it would ordinarily be required to at least prove that fact and the account filed should disclose it. The general doctrine announced by Courts of States where there are pleadings before justices of the peace, is that where the declaration is of such a character that under a plea merely putting the plaintiff to the necessity of proving his declaration, he is bound either to prove, or to disprove, title to land, then a justice has no jurisdiction. *Jakeway* v. *Barrett*, 38 Vermont 316. The only case we have found apparently to the contrary is that of *Schroeder* v. *Wittram* 66 Cal. 636, and although that is cited by some authorities to show that " a justice's court has jurisdiction of an action to recover a deposit made by a vendee under an executory contract for the sale of land, by which he agreed to purchase the land if the title was good, and in which it was stipulated that if the title should not be good, the deposit was to be returned," in *Copertini* v. *Oppermann*, 76 Cal. 181, the Court said that such was not the opinion of the majority of the Court, and it was there said that such a suit *did* involve the title to real property. See also *Hart* v. *Carnall-Hopkius Co.* 103 Cal. 132.

Under our system of ground rents, if those referred to in an agreement such as this be not original rents, but are sub-

ground rents, that fact would very materially affect the title, and it would necessarily be involved. It oftentimes requires a very careful investigation, and sometimes great difficulty, in determining whether ground rents covering a number of lots have been apportioned, what are the rights of holders of parts of the land originally leased, etc. We are, therefore, of the opinion that such a claim as that made in the seventh count of this *narr.* does involve title to land, and hence a Justice of the Peace would not have jurisdiction, but by reason of the " residuary jurisdiction " referred to above, either of the three Courts of Baltimore City would have. There may be cases of this character in which the title is not necessarily involved, as the vendor may concede before suit that the title is defective, and rely alone on some other defense, such as set off, payment, assignment of the claim by the vendee, etc. If only such defense be taken there would be no occasion for a Court exercising this *unusual* and *special* jurisdiction, which is only granted because there is no remedy elsewhere. The *narr.* might have more clearly alleged that the trial of the case would necessarily involve the title, but by reason of the conclusion we have reached, we do not deem it necessary to make a more critical examination of it.

We have thus considered the question at considerable length, although the amount involved is small, as it was said the question was an important one in practice in Baltimore, but we are of opinion that the judgment below was correct on other grounds. As we have seen, there are six common counts in the *narr.*, in addition to the special one, and the claim for damages is only $75. This suit was brought under the Rule Day Acts, but it is well settled that if the defendant in such a case appears and complies with the requirements of the statute, to avoid a judgment by default, the case then proceeds as an ordinary action *ex contractu*, and neither the affidavit nor the cause of action filed in any manner controls the nature and character of the proof the plaintiff may offer. " The plaintiff is at liberty to claim anything recoverable under his declaration, and the defendant

may avail himself of any defense and any evidence admissible under his plea." *Laubheimer* v. *Naill,* 88 Md. 179. See also the recent case of *Councilman* v. *Towson Nat. Bank,* 103 Md. 469 (s. c. 64 At. Rep. 358), where the subject is considered and authorities are cited. As under the common counts evidence could be offered of other claims, within the ordinary jurisdiction of the Court, the amount claimed in the declaration should have exceeded $100. When the *special* jurisdiction of the Court is sought under the principle above considered, the common counts ought not to be joined but the special count must show how the Court had jurisdiction.

The appellant also contends that the question of jurisdiction cannot be raised by demurrer, but must be either by a motion in writing for a judgment of *non pros,* or by a formal plea to the jurisdiction, and cited 1 *Poe,* sec. 594, and *Tyler* v. *Murray,* 57 Md. 435. But those authorities are not applicable to a case in which want of jurisdiction appears on the face of the declaration. "It must appear affirmatively on the face of the declaration, that the Court in which the suit was brought had jurisdiction to try the case." *Treusch* v. *Kamke,* 63 Md. 277. See also 1 *Poe,* sec. 727.

For reason given we will affirm the judgment and, under the circumstances, we do not feel called upon to remand the case, in order that the pleadings be amended, as is sometimes done.

*Judgment affirmed, the appellant to pay the costs.*