# GLADYS D. YOST

### *vs.*

# EUGENE I. ROSENFELD & CO., INC.

*Payment: less than whole sum; burden of proof.   Fraudulent
presumption against grantee who does not testify:
plaintiff's claim must be proved.*

One not a creditor of the grantee has no standing to assail
his deed as being fraudulent because intended to hinder and
delay creditors.                                    p. 11

In cases of fraudulent conveyances, where suspicious circum-
stances are shown which implicate the grantee of a deed assailed
as void because intended to hinder and delay creditors, if the
grantee fails to appear and testify an unfavorable presumption
is raised against him.                              p. 15

Where a defendant claims that the whole account sued on
had been settled by the acceptance of the payment of a sum of
money, the burden of proof is upon him fully to support such
defense.                                            p. 13

*Decided January 15th, 1918.*

Appeal from Circuit Court No. 2 of Baltimore City.
(DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was heard before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John S. F. Yost* (with whom was *Armstrong Thomas* on the brief), for the appellant.

*Emanuel E. Ottenheimer* and *Clifton S. Brown,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The plaintiff filed the bill in this case for the purpose of vacating and annulling a deed executed by the defendant, Gladys D. Yost, to one Eleanor M. Yost.

The deed is dated April 5th, 1915, and was duly recorded among the Land Records of Baltimore City. By it certain property on Bonner road and Garrison avenue, in the City of Baltimore, is conveyed to the grantee by the grantor, named in the deed.

At the time of the conveyance of this property and sometime prior thereto, it is alleged, that the defendant, Gladys D. Yost, the owner of the property, was indebted to the plaintiff, in the sum of one hundred and fifty dollars and seventy cents, for work done, and material sold by the plaintiff to the defendant.

The bill avers, that the property described in the deed, is the only property of the defendant, from which the plaintiff's claim can be made and secured; that the conveyance was made for the sole purpose of delaying and defrauding the plaintiff, in the recovery of the debt, and the grantee, Eleanor, was aware the claim was due by the grantor to the plaintiff; that the property conveyed, is the only property out of which the recovery can be had, and that the defendant, Eleanor, became the grantee under the deed for the sole and only purpose of aiding the defendant, Gladys, in hindering, delaying and defrauding the plaintiff in the collection of the debt.

The charges of fraud and the indebtedness from the appellant to the appellee alleged and contained in the bill, are denied in the answer of the appellant, one of the defendants in the Court below. The other defendant, the grantee, did not answer the bill and made no defense to the suit.

The case was heard upon the bill, answer and the testimony appearing in the record, and from the decree sustaining the plaintiff's claim and vacating the deed, and from a supplemental decree directing the property to be sold, the defendant, Gladys D. Yost, has taken this appeal.

The primary question in the case, is whether the testimony contained in the record establishes a claim or indebtedness from the appellant to the appellee, as a basis for the maintenance of the suit. If there was no debt, the matter of the conveyance and the disposal of the property is a question of no concern to the plaintiff, as it is not claimed, that other creditors are affected thereby.

The controversy, upon this branch of the case, relates, first, to a charge of $106.44 for wiring a residence, on Bonner road, alleged to be the fourth house from Garrison avenue, and second, that the debt or account, between the parties was paid and settled, on the 12th of January, 1915, by the acceptance of a check for one hundred dollars, which, by agreement, operated as a payment in full and a satisfaction of the entire claim.

While there is some conflict in the proof, we are of opinion, after a careful examination of the testimony, in the light of the dealings between the parties and the other facts and circumstances, bearing upon the subject, that the appellant, has failed to sustain either of the contentions relied upon, to defeat the plaintiff's claim.

It is admitted, that the items in the account, other than the charges for work done, for electrical installation, is correct, and that Mrs. Nellie B. Yost, the mother of the defendant, was the agent of the owner of the property and was authorized to make the repairs on the property.

The proof shows, that there was due the plaintiff on or about the 7th of January, 1915, on account stated, the sum of $251.93, as will appear from the record. This account was placed in the hands of an attorney for collection, who wrote several letters to Mrs. Yost, before and after the payment by her on January 12th, 1915, of the sum of one hundred dollars.

The witness, Erlanger, the secretary and treasurer, of the plaintiff company, testified, that the account was correct both as to the work and the materials furnished and that Mrs. Yost admitted in an interview the correctness of the account and offered to settle the account by a note, that she never disputed it, but only claimed she had no funds at the time to pay it.

The witness Fehsenfeld testified, that the $100.00 paid by check on the 12th of January, 1915, was credited on the account, and this left a balance due the plaintiff of about $150.70 on the account.

Mr. Rosenfeld, the president of the company, testified that Mrs. Yost admitted to him on the 12th of January, 1915, that the items in the account were proper charges, and paid $100.00 by check, and promised to settle the balance due thereon. There was no agreement that the check should be a settlement in full of the account, and that he was absolutely positive that the entry upon the check, "in full of all demands for material and work on Garrison avenue for Mrs. N. B. Yost and Gladys D. Yost," was not there when the check was presented to him.

He further testified that Mrs. Yost visited his home, on or about the 5th of March, 1917, and offered to settle the balance of the account ($150.00) by the payment of the sum of $75.

The witnesses Smith and Knight, employees of the plaintiff, testified that the work upon the house, in question, was done by them at the request and by the direction of the

plaintiff company, and that Mrs. Yost was present a part of the time while they were engaged in the work.

While the testimony of Mrs. Yost and Miss Mabel Yost, is in conflict with that of the plaintiff's witnesses, as to a portion of the items stated in the account, and that the acceptance of the check for one hundred dollars, was a settlement of the entire account, we cannot hold, their testimony, in view of the clear and convincing proof, on the part of the plaintiff, to the contrary, to be sufficient to defeat the plaintiff's claim.

There was due and owing upon the account, at the date of the payment of the sum of one hundred dollars by check, the sum of $251.93, and if we assume, that the check was given for the payment of the disputed bill of $106.00 for work done as charged in the account, there would still remain due the plaintiff the balance claimed by it.

The burden of proof was upon the appellant to show that the check of one hundred dollars was given in full settlement and satisfaction of the sum of $251.93, the amount of the debt then due, and we think the defendant has failed to meet and discharge this burden. *Rohr* v. *Anderson,* 51 Md. 205; *Sus. Fertilizer* v. *White,* 66 Md. 457; *Sebastian May Co.* v. *Codd,* 77 Md. 293.

The second question is, was the deed in question made in fraud of creditors and for the purpose of defeating and delaying an existing creditor in the collection of his debt.

The supposed consideration for the deed, is alleged to be the sum of five or six thousand dollars paid by the grantee to the mother of the grantor, who appears to have negotiated the sale, and to have been the active promoter of the whole transaction.

The grantor testified that she had never seen or heard of Mrs. Eleanor M. Yost, the purchaser of the property, before the day of the signing of the deed, and does not know who she is or where she lives. On the 15th of May, 1915, the same property described in the deed, appears to have been

conveyed by way of mortgage from Eleanor M. Yost to E. M. Long.

The mother of the grantor testified that she continued to collect the rents from the property and had charge of it, paid the taxes on it, and during the entire two years had rendered no account of the income, to Eleanor M. Yost, the alleged purchaser of the property. She was unable to locate the purchaser of the property, although she claimed to be the agent of the owner, for its management and that she had lived with her for two years before the execution of the deed. No demand has ever been made for payment of the interest money on the alleged mortgage, and no payment made of the interest or any claim made by the mortgagee for it.

There is no answer or defense whatever by either the purchaser of the property or the mortgagee, E. M. Long, or any affirmative proof to show the bona fides of either of the alleged conveyances.

The testimony of the mother and the daughter is in conflict as to the bona fides of the consideration of the deed, and the time of the payment of the money, if it was paid at all. The testimony of Miss Platt, the Notary Public, who took the acknowledgment to the mortgage, and the affidavit of the mortgagee, tends to show, that one of the daughters of Mrs. Yost represented herself as the mortgagor and Mrs. Yost made the affidavit to the consideration of the mortgage as E. M. Long.

It seems to be clear that if there were such persons as Eleanor M. Yost, the grantee in the deed, and the alleged purchaser of the property, and E. M. Long, the mortgagee named in the mortgage, they could have been found, and would have come forward to defend their property, and answer the charges contained in the bill in this case.

In *Dawson* v. *Waltemeyer*, 91 Md. 333, a somewhat similar case, this Court said: When in a case like this, a fraud is proven and suspicious circumstances are shown which im-

plicate a grantee and those circumstances are peculiarly within his knowledge, we cannot but draw unfavorable presumptions of fact, if he fails to offer some affirmative proof, that his part in the transaction is an honest one.  If he has acted honestly he should not permit his conduct to wear a doubtful aspect when by making a statement he can clear up the whole matter.  His failure to appear and testify in denial of a charge of something peculiarly within his own knowledge carries with it the usual unfavorable and damaging presumption.  It in fact, amounts to little less than a formal confession of guilt.  *Diggs* v. *McCullough,* 69 Md. 592; *Chatterton* v. *Mason,* 86 Md. 238; *Second Nat. Bank* v. *Yeatman,* 53 Md. 447; *Conn. M. L. Ins. Co.* v. *Smith,* 117 Mo. 261.

We do not deem it necessary to review the testimony at length or in detail, because it seems to us to be clear, upon the whole case, that the proof is sufficient to show that the deed in question was made and accepted, with a purpose to defeat and hinder the collection of the plaintiff's claim, and the Court below was right, in declaring it fraudulent, null and void.

For the reasons stated both decrees must be affirmed and the cause remanded.

*Decrees affirmed, cause remanded, with costs to the appellee.*