(Decided 3rd December, 1874.)

CLEMENT DEITRICH *vs.* BENJAMIN SWARTZ.

*When an Appeal will not lie—Jurisdiction of Justices of the Peace in actions of Replevin—Art. 51, secs. 13 and 16 of the Code—Art. 51, sec. 14 of the Code.*

An appeal will not lie from a judgment sustaining a demurrer to a replication in an action of replevin, such judgment not being final.

In all actions of replevin where the value of the thing in controversy does not exceed the sum of $50, as ascertained by appraisers summoned and sworn by the sheriff or other officer, to whom the writ of replevin is directed, jurisdiction has been conferred by sections 13 and 16 of Article 51, of the Code, exclusively upon justices of the peace.

The sole purpose and effect of section 14, of Article 51, of the Code, is to deny jurisdiction to justices of the peace in the specified actions for slander, for breach of promise to marry, to enforce mechanics' liens, and in actions of ejectment or trespass *quare clausum fregit,* and the like where title to land is or may be necessarily and directly in issue; it has no application whatever to actions of replevin.

APPEAL from the Circuit Court for Harford County.

The case is fully stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER and ALVEY, J.

*Henry W. Archer,* for the appellant.

Article 29, section 44 of the Code provides that the Circuit Court shall have jurisdiction in all civil and criminal cases within the county, except where by law the jurisdiction has been taken away or conferred upon some other tribunal.

Article 51, section 13, of the Code, gives civil jurisdiction to justices of the peace in actions of replevin, where the value of the thing in controversy does not exceed $100. But section 14, provides, that no justice of the peace shall have any jurisdiction in actions where the title to land is involved. This section of the Code is not limited to any particular forms of action, but applies in general terms to all actions where the title to land is involved, and the pleading shews that the title to the land was the only question involved in the replevin suit.

If the form of the action had been in trespass for going upon the land in dispute, and taking these same logs, it is conceded that the Circuit Court would have had exclusive jurisdiction. Why not also in the replevin suit, where instead of claiming damages for the taking of the logs, the plaintiff seeks to recover the logs themselves, as products of the land in dispute? Neither actions of trespass nor replevin necessarily involve the title to land, but it may be involved in either form of action, and in actions of replevin, is of not unfrequent occurrence, where the subject matter in dispute is the product of the land. And in all such cases where the record shews that the title to the land is involved, it is respectfully submitted that the jurisdiction of the Circuit Courts, so far as we know, has universally been admitted. If not in the Circuit Court, where can the case be tried? The issue presented is the title to the land, and the section of the Code, already re-

ferred to, expressly provides that the justices of the peace shall have no jurisdiction.

*Wm. Young* and *Henry D. Farnandis*, for the appellee.

The restriction of Article 51, section 14, of the Code, does not apply to actions of replevin. It is confined to actions of trespass for the damage specified in section 33, or in which the title to, or right of possession of, land is the thing in controversy, or in which it may be adjudicated. It prohibits cognizance of ejectments, and trespass *quare clausum fregit* where the defendant pleads title, or the plaintiff lays his damages over $50, and resorts to the Court.

In this case there is no dispute about title to land in litigation, the *nar.* makes the plaintiff's case, the appraisement shows want of jurisdiction, and a new case cannot be made by the replication.

If the plaintiff "had brought trespass for entering on his land and taking these logs" and laid his damages at $10, the Circuit Court would clearly *not* have had "exclusive jurisdiction." If the plaintiff wished to have "the title to land involved" he could have brought trespass, and laying his damages at over $50, could have been within the jurisdiction of the Court, because it depends in trespass on the amount of damages claimed. *O'Reilly vs. Murdock*, 1 *Gill*, 32.

But in replevin it depends on the appraised value of the property. *Code, Art.* 51, *sec.* 13; *Ott vs. Dill*, 7 *Md.*, 251.

Where that appraised value is under $50, the jurisdiction of the justices is exclusive. *Code, Art.* 51, *sec.* 16, and *Art.* 29, *sec.* 44.

The Act of 1862, ch. 239, was mainly to extend, not to contract the jurisdiction of justices, and not to repeal other provisions of previous Acts. *Ott vs. Dill*, 7 *Md.*, 251.

Though "title to land" is not necessarily involved even in ejectment or trespass *quare clausum fregit*, these are the

actions which in Maryland are used for settling contro-
versies about the realty.    They have the necessary machi-
nery of surveys and plats, indisputable for the proper
adjudication of such questions.    It surely was not in-
tended to introduce them *by implication* into trials of
replevin, trover, assumpsit, and assault and battery for $10
damages.

The plaintiff, if desirous of trying title to land, could
have resorted, and can still resort to those actions in which
"the title to land" can be legitimately "involved" but
cannot by a series of consequential relations, legally
involve the title to land in "actions generally," which
were never intended, and are not understood to be resorted
to for such purposes, in which the title to land is never the
thing in controversy, nor injury to land redressed.    If the
replication was bad, and did not show jurisdiction in the
Court, the demurrer was properly sustained; if the facts
alleged in the replication did not give jurisdiction, the
technical admissions of the demurrer could not do so.
The defendant was not called on to traverse and try im-
material issues.

MILLER, J., delivered the opinion of the Court.

This is an action of replevin brought by the appellant
against the appellee in the Circuit Court for Harford county
for twenty timber logs.    The penalty of the replevin bond
was $200, but upon execution of the writ the appraisers
valued the logs at $10.71.    The defendant thereupon
pleaded that the real value of the property replevied, as
ascertained by sworn appraisers summoned and sworn by
the sheriff, does not exceed the sum or value of $50, and
therefore the Circuit Court had no jurisdiction in the case.
To this plea the plaintiff replied that the logs mentioned
in the declaration grew upon, and were cut by him upon
a certain tract of land called "Paca's Park" in said
county, which is described in a certain deed to him from

one Lee, and his title to, and right to the possession of said logs depends upon his right and title to said land, and he further avers that before this suit was instituted the defendant made claim to these logs, on the ground that he was the owner of that part of said tract of land upon which said logs grew and were cut, and that the right and title to said land is involved in this action.    To this replication the defendant filed a general demurrer which .the Court sustained.

The present appeal appears to be taken directly from the judgment sustaining the demurrer to the replication, and there is nothing in the record to show that any final judgment in favor of the defendant, sustaining the plea and quashing the writ was ever rendered by the Court below.    It is clear from the authorities that without such final judgment the appeal was prematurely taken, and must be dismissed.    *Boteler & Belt vs. State, use of Chew,* 7 *G. & J.,* 109 ; *Wheeler vs. State, use of Bateman,* 7 *Gill,* 33 ; *Schindel vs. Suman,* 13 *Md.,* 310.

But as this difficulty may be removed by another appeal after final judgment, and as the only question in the case which will then be properly presented for review, has been fully argued by counsel, we deem it our duty to express our opinion upon it now in order to save further costs and expense.    The question is, had the Circuit Court jurisdiction in this case?    There can be no doubt that jurisdiction in all actions of replevin, where the value of the thing in controversy does not exceed the sum of $50, as ascertained by appraisers summoned and sworn by the sheriff or other officer to whom the writ of replevin is directed, has been conferred exclusively upon justices of the peace by sections 13 and 16, of Article 51 of the Code, unless the restriction of the first clause of the 14th section of the same Article is applicable to such actions.    That section provides that "no justice of the peace shall have any jursdiction in actions where the title to lands is involved,

nor in actions for slander, for breach of promise to marry, or to enforce any lien for work or materials.'' But reading this section as we must, in connection with sections 13 and 33 of the same Article, we are all clearly of opinion its sole purpose and effect is to deny jurisdiction to the justices in the specified actions for slander, for breach of promise of marriage, to enforce mechanics' liens, and in actions of ejectment or trespass *quare clausum fregit*, and the like where title to land is or may be necessarily and directly in issue, and that it has no application whatever in any case to an action of replevin.

Such being our opinion we should affirm the judgment on the demurrer if properly presented for review, but as it stands the appeal must be dismissed.

*Appeal dismissed.*

