WILLIAM T. RANDLE *vs.* SAMUEL SUTTON.

*When the decision of the Circuit Court on an Appeal from a Justice of the Peace, is Final—Construction of Art. 51, secs. 14 and 33, of the Code, relating to the Jurisdiction of Justices of the Peace.*

On an appeal to the Circuit Court from the judgment of a justice of the peace, the decision of the Circuit Court, if it have jurisdiction, is final.

A case was instituted before a justice of the peace for the recovery of a small debt. The suit was based on an account "for ground-rent, for loading iron-ore on sideling at fifty cents per car," and stating the dates and numbers of the cars. No objection to the jurisdiction was made before the justice. At the trial of the appeal in the Circuit Court the defendant filed a paper signed by his counsel, and verified by the affidavit of the defendant alleging that the title to land was involved in the case, and denying the plaintiff's title to the land upon which the rent claimed was alleged to have accrued. On appeal to this Court, it was HELD :

1st. That a suit brought for the recovery of rent is not within sections 14 and 33, of Art. 51, of the Code, relating to the jurisdiction of justices of the peace, as such a suit is not one in which title to the land is "necessarily and directly in issue."

2nd. That the statement of the defendant in his affidavit, that the title to land was involved, was not conclusive, and could not govern or control the action of the Court, or determine its jurisdiction.

3rd. That it must appear to the Court from the nature of the action itself that it is one in which the title to land is necessarily and directly in issue between the parties.

4th. That the appeal to this Court must be dismissed.

APPEAL from the Circuit Court for Baltimore County.

The facts are stated in the opinion of the Court.

Randle *vs.* Sutton.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, and ROBINSON, J.

*John T. B. Dorsey*, for the appellant.

A lease in the common, though improper use of the term, is an interest or estate in lands.   *Coke Litt.*, 42, 45; *Taylor on Landlord and Tenant*, 14.   And so, if any dispute arises between a landlord and tenant as to the holding or the title to that estate, the justice of the peace has no jurisdiction in the case.   *Code, Art.* 51, *sec.* 14.

To make a valid lease, the lessor must have possession of the lands demised.   *Taylor's Landlord and Tenant*, 84-5; *Bacon's Abr. Lease*, (*I*,) 4; *Lee vs. Norris, Cro. Eliz.*, 331; *Thurston's Case, Owen R.*, 16, 1 *Rep.*, *a*, (147*a*.)

In an action of debt on pleas of *non demisit* and *non tenuit*, the payment of rent by mistake or misrepresentation, may be shown to rebut the presumption of a tenancy, and such payment is no evidence of the existence of the relation of landlord and tenant.   *Rogers vs. Pitcher*, 6 *Taun.*, 202.

This appeal will lie.   *Hall vs. State*, 12 *G. & J.*, 329; *Herzberg vs. Adams*, 39 *Md.*, 309.

*John I. Yellott*, for the appellee.

This appeal should be dismissed, inasmuch as the Circuit Court for Baltimore County was in the exercise of an appellate jurisdiction in the trial of the cause, and its judgment was final.   The justice had jurisdiction, and the appellate Court had full jurisdiction, and where such is the fact no appeal lies from the judgment of the appellate Court in the trial of an appeal from a justice.   *Mears vs. Remare*, 33 *Md.*, 250; *Herzberg vs. Adams*, 39 *Md*, 309; *Webster, et al. vs. Cockey*, 9 *Gill*, 92; *State vs. Bogue*, 5 *Md.*, 352.

The Code, Art. 51, sec. 14, provides that a justice of the peace shall have no jurisdiction when the title to land is

involved, but is silent as to how he is to ascertain whether the title to land is involved in a case before him. Section 33 of the same Article enumerates certain cases in which the mere *ex parte* affidavit of a party shall be accepted by the justice as conclusive evidence of the fact that the title to land is involved. In all cases not specified in Section 33, Art. 51, of the Code, the fact must be judicially ascertained in the same manner as other facts in the case. The justice has jurisdiction to determine whether the title to land is involved in a case, and if he decides it is not, the party aggrieved has the right to appeal, and the appellate Court has jurisdiction to dispose of the case finally. This was not an action for cutting wood from real estate, or for a trespass upon the same, and therefore neither the justice nor the appellate Court was required to dismiss the case upon the mere filing of an affidavit.

The relation of landlord and tenant, or at least that of licensor and licensee, existed between the parties to this cause at the time of suit brought ; the lease of 1865 had never been revoked ; there was no pretence that the premises had ever been surrendered by the lessee to the lessor; no claim that the lessee, Randle, had been evicted or required to pay rent to any other landlord. Such being the state of facts, the appellant was estopped from denying the appellee's title. *Bigelow on Estoppel*, 374-6-7, 383-4-5 *and* 412 ; *Knight vs. Smythe*, 4 *Maule & S.*, 347 ; *Glynn vs. George*, 20 *N. H* , 114.

BARTOL, C J., delivered the opinion of the Court.

The proceedings in this case originated before a justice of the peace, and were instituted by the appellee against the appellant, for the purpose of recovering the sum of *thirteen dollars,* upon an account filed with the proceedings. Judgment being rendered by the justice, in favor of the plaintiff for $13 and $2.10 costs, the defendant appealed to the Circuit Court, where the judgment was affirmed ;

whereupon the defendant appealed to this Court. It is well settled that unless the Circuit Court was without jurisdiction, its decision was final ; and the only ground upon which the appeal can be entertained, is that the Circuit Court had not jurisdiction to render the judgment. *Hall vs. The State*, 12 *G. & J.*, 329 ; *Webster vs. Cockey*, 9 *Gill*, 92 ; *State vs. Bogue*, 5 *Md.*, 352 ; *Mears vs. Remare*, 33 *Md.*, 246 ; *Herzberg vs. Adams*, 39 *Md.*, 309.

The case, as it appeared before the justice of the peace, was an ordinary proceeding for the collection of a small debt, his jurisdiction was therefore very plain, there is nothing to show that it was called in question, though the appellant's counsel have stated in argument that objection to the jurisdiction was made before the justice

The account is "for ground-rent for loading iron-ore on sideling at 50 cents per car,"—and states the dates and the numbers of the cars.

In the Circuit Court on the appeal, the defendant filed the following paper.

"The defendant and appellant alleges that the title to land is involved in this cause, that the said Samuel Sutton, if he ever had any title to the land upon which rent is alleged to have accrued in this case, has been disseized by the President and Directors of the Baltimore and Ohio Railroad Company many years ago, that a part of said land is the bed of an old county road, as the defendant is informed, and the major part thereof has been occupied by the said Baltimore and Ohio Railroad Company, as part and parcel of the depot franchises of said road." This paper was signed by counsel and sworn to by the defendant.

It is contended that this affidavit is sufficient to show that the case was not one within the jurisdiction of the justice of the peace and consequently the Circuit Court was without jurisdiction to pronounce the judgment of affirm-

ance on the appeal; because it appears from the affidavit that the title to lands is involved; and for this we have been referred to the Code, Art. 51, sec. 14; which provides that "no justice of the peace shall have any jurisdiction in actions where the title to lands in involved, nor in actions for slander, for breach of promise to marry, or to enforce any lien for work or materials furnished."

This section came before this Court for construction at the last term in *Deitrich vs. Swartz*, 41 *Md.*, 196.

In that case the appellant had cut some logs for timber, which the appellee carried away, and the former brought a suit of replevin in the Circuit Court to recover them; upon the execution of the writ the appraisers valued the logs at $10.71, thereupon the defendant pleaded that the case was not within the jurisdiction of the Court, the plaintiff replied that the property in the logs depended upon the ownership of the land upon which the timber grew and was cut, that he claimed title to the land, and that the title to the land was involved wherefore the Court had jurisdiction, to this replication the defendant demurred, and this Court decided that the demurrer was properly sustained, and held that the value of the property in controversy as ascertained by the appraisers being under $50, the *exclusive* jurisdiction of the case was conferred on a justice of the peace by Art. 51, secs. 13 and 16 of the Code. After quoting *sec.* 14, which was relied on by the appellant, the Court say, "But reading this section as we must, in connection with sections 13 and 33 of the same Article, we are all clearly of opinion, its sole purpose and effect is to deny jurisdiction to the justices in the specified actions for slander, for breach of promise of marriage, to enforce mechanics' liens and in actions of ejectment or trespass *quare clausum fregit*, and the like, where title to land is or may be necessarily and directly in issue, and that it has no application whatever in any case, to an action of replevin."

Randle *vs.* Sutton.

That case seems to be decisive of the present; for it is clear that a suit brought for the recovery of rent is not within the 14th and 33rd sections. Such a suit is not one in which title to land is " necessarily and directly in issue;" but in its nature depends exclusively upon contract between the parties; and is based upon the relation of landlord and tenant, in order to maintain the suit such relation must be shown to exist between the parties either under an express contract of lease, for a stipulated rent, or under a permissive holding, where the claim is for use and occupation.

In such case it is obvious the title to the land is not a question directly in issue, for the title of the lessor is admitted and the tenant is estopped from denying it.

The record before us is very brief and contains none of the evidence of the defendant in the Circuit Court. He relies entirely upon what is contained in his affidavit. But the facts therein alleged do not show that the justice had not jurisdiction; the statement by the defendant that the title to land is involved, is not conclusive, and cannot govern or control the action of the Court, or determine its jurisdiction. It must appear to the Court from the nature of the action itself that it is one in which the title to land is necessarily and directly in issue between the parties.

It appears from the record that the plaintiff below offered in evidence a lease of land lying contiguous to the railroad made by him to the defendant in 1865, for one year, with the privilege of renewal; and it was suggested in the argument that the land described in the lease is the same, as that on which the ground-rent is charged in the account in this case, the terms having been afterwards changed by parol contract between the parties; but there is no evidence of this contained in the record, nor any testimony whatever showing under what contract the appellant became liable for the ground-rent charged.

The single question before us is one of jurisdiction; and it appearing that the objections of the appellant in this respect are not supported, the appeal must be dismissed.

*Appeal dismissed.*

(Decided 22nd June, 1875.)