MICHAEL SHIPPLER *vs.* CHARLES D. BROOM.

*Judgment of the Baltimore City Court on Appeal from a Justice of the Peace—Absence of Jurisdiction of Justice of the Peace when Title to Land is involved—Sec. 33, of Art. 51, of the Code—Bills of Exception.*

The judgment of the Baltimore City Court on an appeal from a justice of the peace, cannot be reviewed by this Court, unless the City Court in pronouncing such judgment exceeded its jurisdiction.

If a party to a suit before a justice of the peace, desires to raise the question of jurisdiction upon the ground that the title to land is involved, he must do so before the justice, by filing the allegation verified by affidavit, prescribed by section 33, of Article 51, of the Code, or by plea or other proper proceeding in the Court, to which the case has been taken on appeal from the judgment of the justice.

Bills of exception not being allowable in this State in the trial of a case upon appeal from a judgment of a justice of the peace, this Court is not at liberty where such bills are taken, to examine them for the purpose of discovering whether the title to land was or was not involved in the case.

APPEAL from the Baltimore City Court.

This was a proceeding instituted before a justice of the peace, under the provisions of the Act of 1882, ch. 355, by the appellee, to obtain possession of certain premises in the City of Baltimore, from the appellant, as tenant holding over after the expiration of his term. The justice rendered judgment of *non pros* for want of jurisdiction, and awarded costs to the defendant. The plaintiff appealed to the Baltimore City Court, before whom the case was tried without a jury, and the judgment of the justice was reversed, and judgment given in favor of the plaintiff for possession of the premises, and $108.63, damages, and costs. From this judgment the present appeal was taken.

The cause was argued before MILLER, YELLOTT, ROBIN-SON, IRVING, RITCHIE, and BRYAN, J.

*John B. Wentz,* for the appellant.

*Benjamin Kurtz,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

The controversy between the parties to this cause had its inception in proceedings taken by the appellee, in conformity with the provisions of the Act of 1882, ch. 355, to obtain possession of certain real estate, in the City of Baltimore, from the appellant who, he alleged, was his tenant holding over after the expiration of his term. In the record appear the notice, affidavit of service, and summons issued by a justice of the peace, and there is also a judgment of *non pros.* for want of jurisdiction. The questions in controversy were then carried by appeal into the Baltimore City Court, and the judgment of the justice was, by that Court, reversed. The pending appeal has been taken from the judgment of the Baltimore City Court.

The only ground on which an exercise of the revisory powers of this Court can be successfully invoked, in a case where the judgment was rendered by an appellate tribunal, reviewing the decision of a justice of the peace, is the want of jurisdiction to consider and determine the questions involved in litigation. The principle is too well settled to be controverted, that in an appeal from the decision of a justice of the peace the judgment of the appellate Court is a finality, unless such Court transcends the limits of its jurisdiction.

The appellant relies on the provision of the Code contained in Art. 51, sec. 14, that "no justice of the peace shall have any jurisdiction in actions where the title to lands is involved, nor in actions for slander, for breach of promise to marry, or to enforce any lien for work or ma-

terials furnished." In its construction of this statutory provision this Court has said in the case of *Randle vs. Sutton*, 43 *Md.*, 68, that its sole purpose and effect is to deny jurisdiction to the justices in the specified actions for slander, for breach of promise of marriage, to enforce mechanics' liens, and in actions of ejectment or trespass *quare clausum fregit*, and the like, where the title to land is or may be necessarily and directly in issue." And it was further said that, "It must appear to the Court from the nature of the action itself that it is one in which the title to land is necessarily and directly in issue between the parties."

There is nothing in this record, of which cognizance can be properly taken, which tends to disclose a want of jurisdiction in the Court below. An attempt has been made to present this question by a bill of exceptions signed and sealed by the Judge of the City Court. But in the case of *Cole vs. Hynes, et al.*, 46 *Md.*, 184, it was decided that, "If a party to such a suit, desires to raise the question of jurisdiction, he must do so before the justice, by filing the allegation verified by affidavit, prescribed by section 33, of Article 51, of the Code, or by plea or other proper proceedings where the case is in the Circuit Court upon appeal. Bills of exceptions not being allowed in such cases, we are not at liberty to examine the bill of exceptions in this case, for the purpose of discovering whether title to land was or was not involved in this case."

The ruling in *Cole vs. Hynes* clearly indicates what disposition must necessarily be made of this appeal. As we are not at liberty to examine the bill of exceptions, it must be treated as if it had been expunged from the record, in which, therefore, there is nothing remaining which presents the question of jurisdiction for determination. As the want of jurisdiction is the only foundation for an appeal in cases of this nature, it follows that the record reveals nothing which could form a proper basis

for an adjudication by this Court.   The appeal must therefore be dismissed.

*Appeal dismissed.*

(Decided 18th June, 1884.)

BRYAN, J., dissented.