## JULIUS JOSSELSON *vs.* SOLOMON SONNEBORN ET AL.

*Landlord and Tenant—Title to Land Not Involved in Dispos-*
*sess.Proceedings by Landlord When Tenant Denies the*
*Renting—Jurisdiction of Baltimore City Court on*
*Appeal from Justice of the Peace in Landlord*
*and Tenant Case—Motion to Quash Pro-*
*ceeding—Certifying Evidence—*
*Appeal.*

When the question raised under a proceeding before a Justice of the Peace for the recovery of demised premises in Baltimore City, under the City Charter, secs. 650, etc., is whether or not the defendant rented them from the plaintiff, that does not involve the title to the land, which matter, under

Code, Art. 52, sec. 7, a Justice of the Peace has no jurisdiction to decide. Consequently, the Justice of the Peace, and, on appeal from him, the Baltimore City Court, has jurisdiction to determine the question at issue, and from the judgment of the City Court no appeal lies to this Court.

The question as to the jurisdiction of the Baltimore City Court to try a case on appeal from a Justice of the Peace may be raised by a motion to quash the proceedings, and an appeal from the order overruling the motion.

The evidence taken before the jury in the City Court on the trial of an appeal from a Justice of the Peace may be certified to this Court as being the evidence taken under a motion to quash the proceedings for want of jurisdiction.

Under a proceeding by a landlord to recover possession of demised premises in Baltimore City, under sec. 650 of the City Charter, the sufficiency of the complaint made before the Justice of the Peace, and of the notice or summons in ejectment are matters which the City Court has jurisdiction to decide on appeal from the Justice, and from the decision of that Court no appeal lies.

*Decided June 1st, 1909.*

Appeal from Baltimore City Court (SAMS, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and HENRY, JJ.

*Jacob J. H. Mitnick* and *William C. Smith,* for the appellant.

*Eldridge Hood Young* and *Israel S. Gomborov,* for the appellee.

BURKE, J., delivered the opinion of the Court.

This is an appeal from the refusal of the Baltimore City Court to quash the proceedings in a cause pending in that Court on an appeal from a judgment of a Justice of the

Peace, and also from the judgment entered in the case. The record shows that on the 11th of February, 1907, the parties to the cause entered into a written agreement whereby the appellees rented from the appellant for the term of two years at the monthly rent of twenty-seven dollars, payable in advance on the 11th of each month, a building located at No. 42 South Caroline street, in the City of Baltimore. The appellees, claiming that the appellant in May, 1908, had rented from them, at the monthly rent of sixteen dollars, payable on the first of each month, the whole of said building, except the room used as a store, and had failed to pay the rent which fell due on the 1st of August, 1908, instituted proceedings before a Justice of the Peace of Baltimore City for the recovery of the possession of the premises. All the parties appeared before the justice on the 7th of August, 1908, and the case was then tried, and judgment was rendered in favor of the appellees for repossession of the premises, and sixteen dollars' rent found to be due and costs. From the judgment the appellant appealed to the Baltimore City Court. The case was tried in that Court before a jury, which found their verdict for the plaintiff for the restitution of the premises and sixteen dollars' rent overdue and unpaid.

The evidence produced at the trial and set out in the record is most conflicting; but it need not be stated in detail in this opinion. It is sufficient to say that the evidence offered in behalf of the appellees tended to support the claim made by them that they had rented to the defendant the part of the building for the monthly rent stated. This was positively denied by the appellant, and the testimony of himself and a number of witnesses adduced in his behalf tended to show that no such contract of rental as that set up by the plaintiffs was made, but that the appellees had surrendered to the defendant the whole premises, except the store, and that he had re-entered and taken possession of the surrendered portion. This controverted question of fact was decided by the jury in favor of the plaintiffs. The defendant then filed a motion

for a new trial and a motion to quash the proceedings, and assigned in support of the latter motion the following reasons:

1. Because the defendant claims title to the premises from which he is sought to be ejected in this case by the plaintiffs as his own property, and claims that he is in occupancy thereof as owner and not as tenant of the plaintiffs, and that the Court sitting to hear and determine appeals from the decisions of Justices of the Peace has no jurisdiction to hear and determine the case, the title to land being involved therein.

2. Because the evidence conclusively shows that the defendant claims title to the premises from which he is sought to be ejected by the plaintiffs as his own property, and claims that he is in occupation thereof as owner, and not as tenant of the plaintiffs, and that the Court had no jurisdiction to hear and determine the case, because the title to land was involved.

3. Because the papers in the case show that the Justice of the Peace from whose decision the appeal is taken had no Justice of the Peace to hear and determine the case.

4. Because the papers failed to show jurisdiction in the Justice of the Peace to hear and determine the case.

At the hearing of the motion to quash the proceedings it was agreed by the counsel for the respective parties that the evidence produced and admitted at the trial of the case before the jury should be considered as if the same had been produced and admitted before the Court on the hearing of the motion. This evidence is incorporated in the record and certified to by the judge before whom the case was tried. The Court refused to grant a new trial and overruled the motion to quash, and the defendant has appealed. Article 52, section 7 of the Code declares that no Justice of the Peace shall have any jurisdiction in actions where the title of land is involved; and by section 8 of that article it is provided that if the defendant in an action before a Justice of the Peace for cutting, destroying or carrying away timber or wood to or from any land in this State, or for doing any other injury to such lands shall allege in writing that he claims title to said lands, or that he acted under a person claiming title to same, whom he

shall name in such allegations and shall verify such allegations by oath, the justice shall not take any further cognizance of the case. This section has no application to this case, because the action here is not one of the class mentioned therein, and, therefore, the defendant's rights are in no manner affected by the failure to file before the magistrate the allegations provided for by that section.

The defendant had the right to raise the question of the jurisdiction of the Baltimore City Court by a motion to quash, and an appeal will lie to this Court from the order overruling the motion. An appeal from such an order has been entertained by this Court in *Darrell* v. *Briscoe,* 94 Md. 684, and *Benton* v. *Stokes,* 109 Md. 117. It is an appropriate method to have the question of jurisdiction of the lower Court determined, and while bills of exceptions are not allowed in trial of cases on appeals from judgments of Justices of the Peace (*Cole* v. *Hynes,* 46 Md. 181), the evidence taken before the Court below upon the motion to quash may be properly certified to this Court, as was done in this case.

The Act of 1898, Chapter 123, gave the defendant a right to appeal to the Baltimore City Court at any time within two days from the rendition of the judgment against him, and he availed himself of this right. If that Court upon the appeal had jurisdiction of the parties and of the subject-matter in dispute, its judgment cannot be reviewed by this Court. This proposition is too firmly settled by the decisions to be questioned. In *Shippler* v. *Brown,* 62 Md. 318, it is held that "the only ground on which an exercise of the revisory powers of this Court can be successfully invoked, in a case where the judgment was rendered by an appellate tribunal, reviewing the decision of a Justice of the Peace, is the want of jurisdiction to consider and determine the question involved in litigation. The principle is too well settled to be controverted, that in an appeal from the decision of a Justice of the Peace the judgment of the appellate Court is a finality, unless such Court transcends the limits of its jurisdiction."

By section 650 of the City Charter, distress for rent due is abolished in Baltimore City in all cases of demise, or agreement of rental, for a less term than three calendar months, and by section 651 of the Charter it is provided that whenever a tenant under any such demise or agreement of rental, express or implied, verbal or written, of lands or tenements, whether real estate or chattels real, within the city limits shall fail to pay the rent thereunder when due and payable, it shall be lawful for the lessor to have again and repossess the premises granted. Section 652 prescribes the procedure to be taken before the justice for the repossession of the premises under the preceding section.

Passing for the moment the contention of the appellant, that the proceedings before the justice do not show a sufficient compliance with the statutory requirements, it is perfectly obvious that the appellees were proceeding under the provisions of the sections mentioned to regain possession of premises alleged to have been rented by them to the appellant, and in such a proceeding it cannot be said that the title to land is necessarily and directly in issue between the parties. The fact in issue is the demise or agreement of rental. This is the thing affirmed on one side and denied on the other, and is the only direct and necessary issue between the parties. If the contention of the appellant should prevail, the jurisdiction of the lower Court could be ousted in every case for the repossession of propetry under the sections of the City Charter mentioned by the defendant simply denying the tenancy and alleging title to the premises from which he is sought to be ejected.

In support of his contention that by the nature of this action or proceeding the title to land is directly in issue counsel for the appellant in their brief and oral argument placed their whole reliance upon the case of *Presstman* v. *Silljacks,* 52 Md. 647, which they insisted was identical with the case in hand. But an examination of that case will show that it does not support their position. In that case George Presstman, in 1852, supposing himself to be the

owner in fee of certain property in Baltimore City, leased the same to Henry Straus and others for the term of ninety-nine years, renewable forever. These lessees assigned to Adam Senz, and he assigned to John Silljacks, who paid to Presstman the rents reserved until 1877, when he refused to pay any more rent, and Presstman thereupon levied distresses for the rent. Silljacks replevied the property in each case before a Justice of the Peace, one of whom decided in his favor and the other in favor of Presstman. Both appealed, and the decisions in both cases were adverse to Silljacks, who paid the judgments and costs, and then instituted an action of trespass against Presstman for illegal distresses levied by Presstman, whereby he was made to pay certain sums of money unjustly. Presstman pleaded that the whole matter was *res adjudicata* by reason of the replevin suits and the appeals to the Baltimore City Court and the judgments therein in his favor. The Court held that Silljacks was not estopped by the judgments of the Baltimore City Court in the replevin cases, because it appeared that before the justices and upon the appeal Silljacks was resting his right to maintain replevin suits solely upon the ground that Presstman's title to the land had expired. There was, therefore, a direct issue of title to the lands involved between the parties, and the Court decided that the "Baltimore City Court, sitting as appellate tribunal, though hearing the case *de novo,* had no more power or jurisdiction to pass upon Presstman's title than a magistrate had." It, therefore, applied the familiar rule, that where the Court has no jurisdiction to hear and determine the case its judgment is a mere nullity and may be attacked and declared void by a Court of competent jurisdiction in a collateral proceeding.

The remaining questions relate to the sufficiency of the complaint made before the magistrate and of the notice or summons in ejectment issued by him. The complaint was made by Eldridge Hood Young as attorney for the lessor, and is sworn to by him. It is contended that the affidavit is defective, because it does not show that the attorney who

made it had knowledge of the facts set forth in the complaint. As to the summons, it is insisted that it is insufficient, because it does not show that the tenancy was for a less term than three calendar months. Assuming, without so deciding, that both the affidavit and the summons are insufficient, these were questions which the appellant submitted to the lower Court for its decision. That Court had a right to decide them, and its decision, whether right or wrong, cannot be reviewed. The principle so clearly stated by CHIEF JUDGE McSHERRY in *New York Mining Company* v. *Midland Company,* 99 Md. 512, applies to these objections: "Whatever subject-matter in the controversy the Court below had the right to decide was necessarily a subject-matter within the jurisdiction of that tribunal. Accordingly, the inquiry here is, not whether the trial Court rightly decided, but whether it had the right to decide what it did decide. If it had the right to decide what it did decide, then, though its decision be, in point of fact or of law, erroneous, it cannot be reviewed, because the statute has conferred no power upon this Court to sit in review of such a judgment. So the ultimate question is, were the things complained of and decided below things which the Court had jurisdiction to decide?"

The Baltimore City Court undoubtedly had the right to decide upon the sufficiency of the affidavit and summons. This right was recognized by the appellant by his act in asking its judgment upon those questions by the motion to quash.

Without further prolonging this opinion, our conclusion is that the lower Court had jurisdiction of the parties and the subject-matter of the controversy, and, therefore, the appeal must be dismissed.

> *Appeal dismissed, with costs to the appellees above and below.*