W. BENJAMIN WHITTINGTON *vs.* SUSAN L. HALL,
TRADING AS THE WM. J. HALL MANU-
FACTURING COMPANY.

*Justices of the Peace*: *jurisdiction; title to land; Code, Art. 52,
sec. 8; allegations. Standing timber; sale of—; goods only.*

While exceptions are not allowed in trials of cases on appeals
from justices of the peace, the evidence taken below may be
certified to the Court of Appeals by the judge of the trial
Court.                                                      p. 468

To oust the jurisdiction of a justice of the peace, under section
8 of Article 52 of the Code of Public General Laws, the mere
allegation of the defendant is not conclusive; but it must
appear to the Court from the nature of the act itself that it
is one in which title to land is necessarily and directly at
issue.                                               p. 469, 470

The contract for the sale of standing timber is a sale of goods
only.                                                       p. 470

*Decided November 15th, 1911.*

Appeal from the Circuit Court for Somerset County
(TOADVIN, J.)

The cause was submitted on briefs to BOYD, C. J., BRIS-
COE, PEARCE, BURKE, THOMAS, PATTISON, URNER and
STOCKBRIDGE, JJ.

*Thomas S. Hodson* filed a brief for the appellant.

*Joshua W. Miles* and *Henry L. D. Stanford* filed a brief
for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

In the latter part of 1906 or in 1907, Charles L. Whit-
tington sold to the Wm. J. Hall Manufacturing Company

all the timber on a piece of land in Somerset county, and
gave the purchaser five years in which to cut and remove it.
On March 10th, 1908, Charles L. Whittington sold and con-
veyed to W. Benj. Whittington, the appellant, the land on
which the timber sold to Hall was growing. Having thus
acquired the land, the appellant cut and removed, and per-
haps sold some of the growing timber, estimated at a little
over two thousand feet, whereupon the Wm. J. Hall Co.
brought suit against W. Benjamin Whittington before a
magistrate for $20.27, as the value of the lumber so cut by
him.

To the suit thus instituted the defendant, appellant here,
appeared and filed an affidavit that title to land was involved,
and moved to quash the proceeding for the reason that the
magistrate was without jurisdiction to hear the case. The
motion was overruled, and a judgment rendered for the plain-
tiff, from which an appeal was taken to the Circuit Court of
the county, where the motion to quash was renewed upon
the same ground. Upon the denial of the motion an appeal
was taken to this Court.

In the Circuit Court on appeal four exceptions were
attempted to be taken. The judge refused to sign them,
but the case comes up on the certificate of the learned judge
who heard the case. This procedure is in conformity with
the method indicated by this Court as proper, when it is
desired to have this Court review the question of the juris-
diction of justices of the peace in civil cases. *Josselson* v.
*Sonneborn,* 110 Md. 546.

There is presented by the present record but a single ques-
tion, the jurisdiction of magistrates in civil causes like that
appearing in the record in this case, under the terms of Arti-
cle 52, section 8, of the Code of Public General Laws.

This Court has frequently had before it the question of the
jurisdiction of justices of the peace, arising in cases involv-
ing a construction of Article 52, section 7, but none depend-
ing solely upon the construction of section 8.

The latter section reads as follows:

"If the defendant in an action before a Justice of the Peace for cutting, destroying or carrying away timber or wood to or from any land in this State, or for doing any other injury to such lands, shall allege in writing that he claims title to said lands, or that he acted under a person claiming title to the same, whom he shall name in such allegation, and shall verify said allegation by oath, the justice shall take no further cognizance of the case."

If this is to be construed to mean that in any action before a magistrate for cutting, destroying or carrying away timber or wood, the defendant has it in his power to oust the jurisdiction of the justice by simply making an allegation supported by his oath that he claims title to the land, and that the magistrate or Circuit Court on appeal is shorn of all right to inquire into the real cause of action, and ascertain whether a question of title to the land is necessarily or directly in issue, there will be no adequate remedy in a large number of cases for petty depredations, and a defendant can virtually shelter himself from responsibility for many illegal acts, so long as the value of the wood or timber cut, destroyed or carried away does not exceed a certain value. It was certainly never the intent of the legislature to afford so easy a loophole for the petty depredator.

In construing section 7 of Article 52 this Court said in *Randall* v. *Sutton,* 43 Md. 64, that a "statement of a defendant that title to land was involved is not necessarily conclusive but that it must appear to the Court from the nature of the action itself that it is one in which the title to land is necessarily and directly in issue."

While the phraseology of the two sections differs somewhat, the construction already given to section 7 is so eminently the reasonable one that it is proper to extend it to section 8 as well, particularly when the construction contended for by the appellant would lead to the result already indicated.

The correctness of this view may be tested in another way. The cause of action on which this suit was brought reads as follows: "To 2027 feet timber at $1.00 per 100 feet—$20.27." This does not on its face disclose that there was any question affecting the title to land. It is in effect an action in assumpsit for the value of certain timber.

If the timber, the value of which was sought to be recovered had already been cut, no possible question of title to land could arise. And the same is true to the sale of timber standing uncut upon the land. Such a sale is one of goods only, *Smith* v. *Bryan,* 5 Md. 141; *Leonard* v. *Medford,* 85 Md. 666.

The rule announced in *Randall* v. *Sutton,* 43 Md. 64, that "it must appear to the Court from the nature of the action itself that it is one in which the title to land is necessarily and directly in issue," seems therefore to be in reason equally applicable to section 8 as to section 7.

Especially is this true in a case like the present, where the bargain for the timber had been concluded and in part executed before the appellant acquired any interest in the property, of which bargain there is some evidence tending to show knowledge on the part of the appellant before the conveyance to him. The ruling of the lower Court was therefore correct, and since the magistrate and the Circuit Court on appeal had jurisdiction of the case, the judgment of the Circuit Court was final and no appeal will lie to this Court. The appeal will accordingly be dismissed.

*Appeal dismissed, appellant to pay costs.*