This is an appeal from an order of the Circuit Court for Prince George's County overruling a motion to quash the proceedings in a magistrate's appeal case, and from a judgment in favor of the plaintiff against the defendant for the sum of one hundred dollars.
The record presents a single question and that relates to the jurisdiction of Justices of the Peace in civil cases under Article 52, § 7, Code of Public General Laws of the State.
The motions to dismiss the appeal and to quash the proceedings in the Court below were based upon the ground that neither the Justice of the Peace nor the Circuit Court for Prince George's County at the trial had jurisdiction, because the suit was one where the title to land was involved, and therefore they were without jurisdiction to hear and determine the case.
Section 7 of Article 52 of the Code reads as follows: "But no justice of the peace shall have any jurisdiction in actions where the title to land is involved, nor in actions for slander, for breach of promise to marry or to enforce any lien for work done or materials furnished."
This section (7) of the Code has repeatedly been before this Court for construction and it has been distinctly held that in such cases it must appear to the Court from the nature of the action itself that it is one in which the title to land is necessarily and directly in issue in order to oust and defeat the jurisdiction of the justice of the peace, and of the Circuit Court on appeal from the justice of the peace.
In Randle v. Sutton, 43 Md. 64, it is said: "The statement by the defendant that the title to land is involved is *Page 680 
not conclusive and can not govern or control the action of the Court or determine its jurisdiction. It must appear to the Court from the nature of the action itself, that it was one in which the title to land is necessarily and directly in issue between the parties." Cole v. Hynes, 46 Md. 181; Dietrich v.Swartz, 41 Md. 196; Shippler v. Broom, 62 Md. 318.
These earlier cases are considered and reviewed in a number of more recent decisions and the construction of the statute as announced by them has been approved and adopted by this Court, as the law applicable in similar cases. Legum v. Blank,105 Md. 128; Josselson v. Sonneborn, 110 Md. 548; Whittington v.Hall, 116 Md. 468; Wilmer v. Mitchell, 122 Md. 300.
It appears from the docket entries in the case that on the 10th of December, 1914, the appellee obtained a judgment against the appellant company before Wm. J. Neale, a justice of the peace of the State of Maryland, in and for Prince George's County, for the sum of one hundred dollars and costs.
The defendant was summoned to answer an action on the case for $100 damages at the suit of the plaintiff and the cause of action and the particulars of the plaintiff's claim for damages are based upon an alleged improper and negligent construction and operation of the defendant's trains on its tracks at and near the plaintiff's residence, in Riverdale, Prince George's County, to the injury and damage of the plaintiff.
The bill of particulars, filed with the justice of the peace and set out in the record, alleges in part the plaintiff's claim for damages as follows: "That the freight trains on the track are there mostly at night, and throughout the night, and they recklessly and negligently are operated by the defendant's employees and because of such emit a great quantity of steam, soot, smoke, ashes and cinders, all four of the latter being wafted over the plaintiff's property in and upon his dwelling house and his porches, requiring him to keep the *Page 681 
blinds of the house facing the railroad when the wind blows that direction, shut, to prevent his bedding, linen and furniture from being ruined; that he can use his telephone only with much inconvenience by reason of the interminable noises made by the operation of these freight trains; that the passenger trains between Washington and Baltimore pass Riverdale Station both night and day with great speed, and these freight trains are warned of their approach by automatic bells and dynamite caps, which requires them to hurry and scurry into the switch to avoid collision; that the jamming and ramming of the cars, loud and boisterous calls to the crew of the freight trains, prevent conversation in the plaintiff's yard or on his porches, and especially musical performances and literary entertainments, both of which his premises are often devoted to; that his rest and quiet at night is destroyed by the operation of these freight trains; that the trains are often loaded with live stock and stand immediately opposite the plaintiff's house, squeaking and bleating, and they are loaded with manure and fertilizer, by which obnoxious odors are driven all over the plaintiff's premises."
From the judgment rendered by the justice of the peace an appeal was taken to the Circuit Court for Prince George's County and upon trial the judgment was affirmed. The evidence produced at the trial is incorporated in the record and the proceedings are certified to by the judge before whom the case was heard and tried, and the pending appeal to this court is taken from the judgment in that Court in favor of the plaintiff.
We find nothing from an examination of the record now before us that tends in any way to disclose a want of jurisdiction in the justice of the peace or in the Court below.
There is nothing on the face of the proceedings properly before us or from the nature of the action itself that shows that it is a suit in which the title to land is necessarily and directly in issue between the parties. The nature of the injury complained of and the suit itself was to recover damages, *Page 682 
for an injury to the plaintiff's possession merely and the title to the land was not directly and necessarily involved, so as to defeat and oust the jurisdiction of the justice of the peace or of the Circuit Court.
In Shippler v. Broom, 62 Md. 318, it is said: "The only ground on which an exercise of the revisory powers of this Court can be successfully invoked in a case where the judgment was rendered by an appellate tribunal reviewing the decision of a justice of the peace is the want of jurisdiction to consider and determine the questions involved in litigation. The principle is too well settled to be controverted that in an appeal from the decision of a justice of the peace the judgment of the appellate Court is a finality unless such Court transcends the limits of its jurisdiction."
As it does not affirmatively appear from the record that the title to land was a question directly or necessarily in issue or involved in the case and that the justice rendering the judgment and the Circuit Court affirming it upon appeal were without jurisdiction to hear and determine the case it follows there being no right of review by this Court that the motion to dismiss the appeal must prevail. Wilmer v. Mitchell, 122 Md. 301;Whittington v. Hall, 116 Md. 468.
Appeal dismissed, with costs. *Page 683